COURET ET AL. *v.* CONNER ET AL.

[79 South. 801, In Banc.]

APPEAL AND ERROR. *Correction of mandate. Motion. Time to file.*

     A motion to correct a judgment of reversal and remand so as to award judgment final, which was filed after adjournment of the supreme court and more than fifteen days after its rendition, which was not predicated on mistake, nor on any ground contained in section 1016, Code 1906. (Hemingway's Code, section 736), is in reality a suggestion of error and not being filed within the time fixed by rule 14 of the supreme court will be overruled.

APPEAL from the chancery court of Adams county. HON. R. W. CUTRER, Judge.

ON MOTION TO CORRECT JUDGMENT.

The facts are fully stated in the opinion of the court.

SMITH, C. J., delivered the opinion of the court.

At the last term of this court the decree rendered by the court below in this cause was reversed, and the cause remanded. 79 So. 230. After the adjournment of this court, and more than fifteen days after the judgment was rendered, this motion was filed by appellant, praying that the judgment rendered by us be corrected, so as to award judgment final for appellant here. This motion is not predicated upon any mistake of the clerk in entering a judgment different from that rendered by the court, nor upon any of the matters contained in section 1016, Code of 1906 (section 736, Hemingway's Code), but is predicated solely upon the alleged error of the court in remanding the cause to the court below, instead of rendering final judgment here; consequently it is in reality a suggestion of error, and should have been filed within the time fixed by rule 14 (72 So. viii), but, since it was not so filed, it must be is overruled.

*Overruled.*

STEVENS, J. (specially concurring).

I do not think the motion under consideration amounts to a suggestion of error, but, on the contrary, that the motion is one filed in good faith as such, and should be considered and disposed of by the court as a motion. I think the motion should be overruled, but not for the reason stated in the majority opinion. This motion is not predicated upon any alleged error of this court in writing or rendering the opinion disposing of this appeal. It is not contended by counsel for the motion that the court wrongfully interpreted the law of this case, or that the court wrongfully applied any legal principles. The very counsel who won their case present this motion, and the motion itself is bottomed upon the very opinion delivered by the court.

It seems to me that the decision of the case is one thing, and the judgment based on this decision is another and separate matter. I am fully conscious of the fact that the line of demarcation between a motion and a suggestion of error is sometimes very obscure, but I do not think litigants should be denied the right to have the judgment rendered by the court corrected, so long as this court has jurisdiction and the mandate has not been sent to the trial court. The case is not finally disposed of until the suggestion of error is overruled. If it then appears that the judgment as entered and made final by the overruling of the suggestion of error is, for any reason appearing on the face of the record, improper, this court, in the exercise of its unlimited constitutional appellate authority should not be fettered in doing full and complete justice by a set of self-inflicted rules.