CRUDUP v. ROSEBOOM.

[88 South. 497, No. 21634.]

APPEAL AND ERROR. *Motion attacking correctness of decision in effect a suggestion of error; motion to modify judgment held in effect an additional suggestion of error.*

A motion which only attacks the correctness of the decision is in effect a suggestion of error. Where a decision on appeal has been rendered against a party, and where a suggestion of error has been filed by such party and overruled, and where the judgment entered by the clerk is in accordance with the decision, no further attack on the decision is permitted, and a motion to modify the judgment, which only challenges the correctness of the decision of the court, is in legal effect an additional suggestion of error, and will be stricken from the files by the court of its own motion.

On motion to modify the correct judgment. Motion stricken.

For former opinion, see 87 So. 424.

ETHRIDGE, J., delivered the opinion of the court.

This cause was affirmed on a former day at this term of court, and a suggestion of error overruled.

This so-called motion to modify and correct the judgment heretofore rendered is, in effect, nothing more than a suggestion of error. It was insisted in the motion that the record shows that the appellee was indebted to the appellant, and that we should have rendered judgment for the amount the appellee owed the appellant as evidenced by exhibits to the bill, which the answer of the defendant admits to be owing. The exhibits are, first, a note for three thousand, eight hundred and seventy-five dollars dated September 1, 1919, due one year after date; and, second, a check for five hundred dollars, payable to the order of appellant, dated September 6, 1919. The bill was filed on September 17, 1919, and consequently the promissory note was not then due, nor does the record show that the check was presented for payment, but; on the contrary, it shows it was not presented for payment, and if it had been presented it would have been paid. Besides the complainant's bill does not rely on the note or the check, but repudiates their acceptance by the appellant. Paragraph 20 of the bill reads as follows:

"Complainant now states that she has met every promise, fulfilled every agreement, and complied with every wish of the defendant in the matter of the purchase of the lands hereinbefore mentioned, except seh has not accepted the note and check hereinbefore delivered her by defendant in settlement of the difference between complainant and defendant, and has merely held such papers at the request of the defendant until some future date, when defendant promised to give complainant a deed to the lands hereinbefore mentioned as having been purchased from the defendant. Therefore complainant does not believe that defendant intends to comply with her

many promises, contracts, and agreements, and she is
advised to deliver to the clerk of this court the afore-
said note and check, there to remain subject to the de-
mands of the defendant, as this complainant does not
care  to deliver these papers to the defendant, when de-
fendant keeps requesting complainant to carry them home
and return later with them, as for many reasons it would
be most disagreeable for complainant to do this."

It is insisted that, if we do not modify the judgment, the
judgment now affirmed will constitute *res adjudicata*
against the note and check.   The effect of the check is
to create a debt payable on demand, and no demand has
ever been made; nor was the note due.   Consequently
no action could be maintained on either, and no plea of
*res adjudicata* can be interposed. ˙We have said this much
on this motion so that no confusion could arise as to any
possible action on the note or check.   The motion in this
case is not authorized under any pleading known to this
state.   As said in *Couret* v. *Conner,* 118, Miss. 598, 79 So.
801, a motion to correct judgment only exists as provid-
ed in section 1016, Code of 1906 (section 736, Heming-
way's Code), and in cases where the clerk fails to enter
judgment in accordance with the opinion of the court.
When a party has had one suggestion of error, and that
has been overruled and judgment has been entered in ac-
cordance with the decision of the court, he has no further
right to be heard, and a motion filed in violation of the
rules of practice should be stricken from the files, which
course will be taken in the present case.   So ordered.