Board of Sup'rs of Wilkinson County v. Foster Creek Lumber & Mfg. Co.*

(Division A.   April 13, 1925.)

[103 So. 482.   No. 24839.]

Taxation.  *Proper steps for obtaining statutory damages, where judgment for appellant in circuit court on appeal from board of supervisors is reversed by supreme court, stated.*

The ten per cent. damages provided by Code 1906, section 81 (Hemingway's Code, section 61), if on appeal to the circuit court from decision of board of supervisors as to an assessment the matter be decided against appellant, can be recovered, where judgment in the circuit court was for appellant, but on appeal by the county, was reversed, only by claim or motion in the supreme court within the time prescribed to amend or correct the judgment, and not by subsequent motion in the circuit court.

*Headnote 1. Taxation, 37 Cyc., p. 1120, (1926 Anno).

Appeal from circuit court of Wilkinson county.

Hon. R. L. Corban, Judge.

Proceedings between the board of supervisors of Wilkinson county and the Foster Creek Lumber & Manufacturing Company. Claim of the board for statutory damages was disallowed, and it appeals. Affirmed.

*Tucker & Tucker,* for appellant.

Section 81, Code of 1906, section 61, Hemingway's Code, and chapter 120, Laws of 1918, is peremptory that if the matter of an appeal, as to the assessment of taxes, from the board of supervisors or municipal authorities, to the circuit court, ''be decided against the person who appealed, judgment shall be rendered on the appeal bond for damages at the rate of ten' per centum on the amount in controversy and all costs.'' ''If the matter be decided in favor of the person who appealed, judgment in his favor shall be certified to the board of supervisors, or municipal authorities, as the case--may be, which shall conform thereto, and pay all costs.''

The statute as in all cases charges the cost of the suit to the unsuccessful litigant but this statute also gives a penalty of ten per centum against the person who appeals and is unsuccessful, this penalty is to deter numerous suits against the board of supervisors, or municipal authorities, in assessment of taxes, and is a wise provision of the law. *Atkinson & Bacot Co.* v. *Board of Supervisors of Pike County,* 73 Miss. 348.

The circuit court at the October Term, 1923, when the original case was before it on appeal from the board of supervisors, decided in favor of the appellee, ''the person who appealed,'' and the appellant appealed from that decision to this court and the case was by this court reversed and the appeal from the board of supervisors to the circuit court dismissed. *Wilkinson County* v. *Fosten Creek Lbr. & Mfg. Co.,* 135 Miss. 616, 100 So. 2.

At the October Term, 1924, of the said circuit court, the appellant being the successful litigant in the supreme court, and, therefore, the successful litigant in the court below, made its motion for judgment on plaintiff's appeal bond for damages at the rate of ten per cent on the amount in controversy, the court overruled appellant's motion and granted appellant an appeal to this court. The court below held that it has nothing more to do with

the case, that the supreme court dismissed the appeal from the board of supervisors and the case is as if it had never reached the circuit court on such appeal.

The said statute expressly commands that if the matter of the appeal as to assessment of taxes, be decided against the person who appealed, judgment shall be rendered on the appeal bond by the circuit court for damages at the rate of ten per centum of the amount in controversy and all costs. The supreme court of Mississippi decided against the person who appealed from the board of supervisors, and reversed the case and by its mandate commanded the court below to take further proceedings in said cause according to right and justice, the judgment of the supreme court and the law of the land ought to be had. However, the court below taking advantage of its own error in the original case refused to render judgment commanded by statute and the supreme court.

We submit that this court should render judgment here, on the original appeal bond of the appellee from the board of supervisors now for the first time before this court, for half of the amount of said appeal bond, or should reverse the case and direct the circuit court to render proper judgment against appellee for the statutory penalty on the amount in controversy to be ascertained on writ of inquiry.

*D. C. Bramlette,* for appellee.

Appellee appealed from the board of supervisors to the circuit court wherein appellee's position was sustained; this court held that the circuit court was without jurisdiction and dismissed appellee's appeal; therefore, we respectfully assert that the circuit court and this court being without jurisdiction of this case so that neither court could consider or pass on the merits of same, then the circuit court and this court were without jurisdiction to inflict a penalty on appellee as moved by appellant.

Of course, the purpose of the statute providing for the infliction of a penalty of ten per centum was intended for cases without merit and to deter the taxpayer from prosecuting an appeal from an assessment that was not meritorious. In this case the circuit court held that appellee's appeal was meritorious and this court in dismissing appellee's appeal to the circuit court for want of jurisdiction places the appeal where this court could not pass on the merits of the appeal and could not say whether the appeal was meritorious or not meritorious; although, as stated, the only court that has passed on the merits of the appeal held that the appeal was meritorious.

But the circuit court having been reversed for want of jurisdiction, that court and this court cannot consider or pass on the merits of the case and, further, are without jurisdiction to inflict a penalty. 4 C. J. 1278; *Ashley* v. *Basil,* 1 Ark. 144; *Blair* v. *Reading,* 103 Ill. 375; *Grunewald* v. *West Gro. Co.,* 11 Wash. 478, 39 Pac. 964; *Foster* v. *U. S. Fidelity, etc. Co.,* 14 Que. Pr. 425; 4 C. J. 1267-8; *U. S.* v. *Morris,* 153 Fed. 240; *Hessy* v. *Heitkamp,* — Mo. App. 36; *Ward* v. *Syme,* 8 N. Y. Leg. Obs. 95; *Steele* v. *Crider,* 61 Fed. 484; *Memmbler* v. *Roberts,* 81 Ga. 351, 8 S. E. 525; *Garnet* v. *Rogers,* 52 Mo. 145; *Henry* v. *G. N. R. R. Co.,* 16 Wash. 417, 47 Pac. 895.

Had the circuit court been clothed with the power and jurisdiction to inflict a penalty on appellee, such power and jurisdiction would have been transferred to this court when the county prosecuted *supersedeas* appeal to this court from the judgment of the circuit court sustaining appellee when the case was formerly brought before this court. Therefore, appellant, Wilkinson county, if it was not satisfied with the final judgment of this court in dismissing appellee's appeal from the board of supervisors to the circuit court as premature and all of the provisions of the said decision, then appellant should have filed a suggestion of error or a motion to amend or correct the judgment of the supreme court. Not having done so the case is ended and disposed of in so far as it could have been by this court on appeal.

Argued orally by *Clay B. Tucker,* for appellant, and *D. C. Bramlette,* for appellee.

McGowen, J., delivered the opinion of the court.

The Foster Creek Lumber & Manufacturing Company filed an appeal from an assessment order made by the board of supervisors of Wilkinson county in August, 1923, to the circuit court of that county, which court sustained the contention of the Foster Creek Lumber & Manufacturing Company as to the assessment levied. Thereupon the board of supervisors prosecuted an appeal to this court. See *Wilkinson County* v. *Foster Creek Lumber & Manufacturing Co.,* 135 Miss. 616, 100 So. 2. This judgment was rendered by the supreme court on March 12, 1924, and the appellant filed no suggestion of error or motion to correct or to amend the judgment as entered by the supreme court, and entered no claim here for damages in the amount of ten per cent. of the sum involved in the appeal from the board of supervisors to the circuit court. No motion having been made within the prescribed time to amend or correct the judgment, the judgment of the supreme court became final and conclusive.

At a subsequent term of the circuit court the appellant here, the board of supervisors of Wilkinson county, by its attorney, made a motion in the circuit court for judgment for ten per cent. damages by virtue of section 81, Code of 1906 (Hemingway's Code, section 61), which motion was overruled by the circuit court and the claim for damages was disallowed and appeal is procured by the county here.

The circuit court was without power to correct the judgment of the supreme court, and this court itself was without power after adjournment of the term to make any correction so as to allow damages.

Not having entered a motion here in due time or suggestion of error, the damages allowed by this statute cannot now be recovered. *Couret* v. *Conner,* 118 Miss. 598, 79 So. 801.

*Affirmed.*