## WILSON v. CITY OF LEXINGTON.

(Division A.   Oct. 21, 1929.)

[124 So. 268.   No. 27418.]

For former opinion, see 121 So. 859.

**Boothe & Pepper**, of Lexington, and **J. M. Stevens**, of Jackson, for appellant.

158

Ruff & Johnson, of Lexington, and Green, Green & Potter, of Jackson, for appellee.

Argued orally by A. M. Pepper and J. M. Stevens, for appellant. and by Garner W. Green and H. H. Johnson, for appellee.

McGowen, J., delivered the opinion of the court.

The appellee, the city of Lexington, moves to correct the judgment in this case, in so far as the judgment undertakes to sustain all the objections made by the appellant, Wilson, to the paving assessment rendered against his property on Yazoo street by the municipal authorities.

The written opinion filed in this case clearly shows that this court considered only one of the many objections urged against the validity of the assessment involved, and that the opinion of the court was limited to a consideration of only the one question.

The judgment entered correctly reversed the judgment, and correctly recites that the assessment against

the property of the appellant, described, is set aside and "held for naught." And after these latter words there appears in the judgment this language: "And that the objections of the said appellant G. A. Wilson to said assessments and each of them be and the same are hereby sustained and that the judgment rendered by the said circuit court of Holmes county in favor of the city of Lexington, appellee, and against the said G. A. Wilson, principal, and G. W. Stigler and R. T. Kimbrough, sureties on his appeal bond in the sum of three thousand, six hundred and seventy and 32/100 dollars with damages and costs paid on the same is hereby affixed and held for naught and that the city of Lexington take nothing."

It is apparent that the judgment entered declares that all the objections urged were sustained, whereas the court only sustained one objection, which objection is held sufficient to entitle the appellant, Wilson, to a reversal of his case, and to have the judgment against him, in favor of the city of Lexington, set aside and held for naught. In other words, the opinion of the court and the record in the case do not sustain the quoted statement in the judgment.

It is urged on behalf of the appellant, Wilson, that this motion to correct the judgment is a suggestion of error, and filed out of time, and at a subsequent term of this court, and therefore cannot now be considered. We are of opinion that this contention is not sustained by the record, for the simple reason that the judgment of the court, as pronounced, has not been entered by the clerk as pronounced; but in the judgment rendered it appears that the court has entered a judgment which it did not pronounce; and this case is not controlled by Couret v. Conner, 118 Miss. 598, 79 So. 801; Yazoo & M. V. R. Co. v. James, 118 Miss. 724, 80 So. 2; Bacot v. Holloway, 140 Miss. 120, 104 So. 696, 105 So. 739.

In the Couret case it was distinctly held that the motion to correct the judgment was, in reality, a suggestion of error, because the court was asked to render a different judgment from that which it had pronounced, and which it had entered on its own minutes; the two being in consonance.

In the instant case the judgment entered is clearly not the judgment pronounced by the court; and the judgment sought to be corrected as entered, as indicated above, and to the extent indicated, was a mistake.

In this case we are not compelled to resort to parol evidence. It is apparent from the face of the record that this judgment should be corrected so as to eliminate therefrom the language above quoted, as heretofore entered.

Wherever the effort is to wholly change the judgment incorrectly entered on the minutes by mistake to one wholly different actually rendered by the court, the power to do so is not derivable either in civil or in criminal cases from section 1016 (Code 1906) or from any other statutory enactment, but is a power inherent in all courts of record. Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845, 846, Ann. Cas. 1913E, 345.

The court has the power to strike out the judgment erroneously entered, and to have entered the judgment actually rendered.

Motion sustained.