SHIPMAN *v.* LOVELACE, et al.

Oct. 13, 1952

No. 38406          3 Adv. S. 42          60 So. 2d 559

142

*Howie, Howie & Montgomery,* for motion.

*Wells, Thomas, Wells & Smith,* contra.

HOLMES, J.

Appellees sued the appellant in the Chancery Court of the First Judicial District of Hinds County, seeking to have themselves adjudged the owners of the south half of Lot 2, Block R, West End Survey, in Jackson, Mississippi, and to cancel the claim of appellant thereto, and to enjoin appellant from interfering with the use, occupancy, and enjoyment thereof. The appellant answered, making her answer a cross-bill, and asserted ownership of the property by virtue of a parol gift from her father, J. L. Lovelace, Sr., and adverse possession. The trial court granted the prayer of the original bill and dismissed the cross-bill. On appeal here, it was held that the evidence was conflicting on the question of the parol gift and the issue of adverse possession, and that the finding of the chancellor thereon should not be disturbed, but it was further held that the decree of the court below should

be modified so as to preserve to appellant the right to retain the use of the sewer line from her house across the south half of the lot, and so as to retain the use, but not exclusive, of the driveway across the west end of the lot, and as so modified the decree of the court below was affirmed. Shipman v. Lovelace, et al., 58 So. 2d 657.

No question as to the award of the appeal costs was brought to the attention of the court, and no reference thereto was made in the opinion of the court or orally from the bench, and no decision of the court was rendered thereon. The opinion in the case was rendered on May 5, 1952, and on the same day a decree was entered in this court affirming the decree of the court below as modified in the respects hereinabove set out, and awarding the appeal costs against the appellant. In so entering the decree in this court, it is manifest that the Clerk conceived that the award of the appeal costs against the appellant was mandatory under the following provisions of Sec. 1971 of the Mississippi Code of 1942:

''In case the judgment or decree of the court below be affirmed, or the appellant fail to prosecute his appeal to effect the Supreme Court shall render judgment against the appellant, at the rate of five percentum and costs, . . . ''

After the expiration of the time allowed for the filing of a suggestion of error, and after the expiration of the term at which the decree was entered, the appellant, on June 25, 1952, filed a motion herein to correct the decree entered by changing the award of appeal costs therein so as to assess the costs of the appeal in equal proportion against the appellant and the appellees.

It is the contention of the appellees that this motion seeks to set aside the decree heretofore rendered herein in so far as it adjudicates court costs and to render a different decree with respect thereto, and that therefore the motion is in effect a suggestion of error and cannot

be considered because not filed within the time allowed by the rules of court.

The question presented makes pertinent a statement of the distinction between a suggestion of error and a motion to correct judgment. (Hn 1) A suggestion of error seasonably filed lies to effect a change in the decision actually made or to modify a judgment authorized and intended to be entered. Sample, et al. v. Romine, 193 Miss. 709, 10 So. 2d 346. (Hn 2) A motion to correct judgment lies for any of the grounds stated in Sec. 1670 of the Mississippi Code of 1942, or to correct a judgment so as to conform to the opinion of the court or conform to that intended by the court to be entered, or to correct a judgment entered by the clerk without statutory authority or the direction of the court. Couret v. Conner, 118 Miss. 598, 79 So. 801; Crudup v. Roseboom, 125 Miss. 205, 88 So. 497; Sample v. Romine, supra; Claughton v. Ford, 202 Miss. 361, 32 So. 2d 751. (Hn 3) The power to correct a judgment entered at a former term and containing any such error is inherent in every court of record. Cotten v. McGehee, 54 Miss. 621; Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845; Claughton v. Ford, supra; Chrismond v. Chrismond, 56 So. 2d 482.

The motion before us does not seek to effect a change in the decision of the court or to modify a judgment authorized and intended by the court to be entered. There was no decision of the court on the question of costs. This question was never presented to the court or passed on by the court. The judgment as to the award of costs cannot be said to be one intended by the court to be entered since the court made no decision and gave no directions as to the award of costs. The clerk in entering the decree manifestly applied Code Sec. 1971, supra. This was a mistake. (Hn 4) The section applies only to unconditional affirmances. Howie Bros. v. Bonds, 87 Miss. 698, 40 So. 227. We are not here confronted with an unconditional affirmance. The decree of the court below was not

unconditionally affirmed, but it was modified and affirmed as modified. The clerk in entering the decree was, therefore, not authorized to award the costs in accordance with the provisions of Code Sec. 1971, supra. This court has consistently held that the allowance or disallowance in a judgment of the five per centum damages in contravention of said Sec. 1971 may be corrected on motion even after the expiration of the term at which the judgment was rendered. Illustrative of these cases are Courtney Bros. v. John Deere Plow Company, 122 Miss. 611, 84 So. 690; Sample v. Romine, supra; Claughton v. Ford, supra; Chrismond v. Chrismond, supra. The same rule applies to the provision for costs under this section since the statute covers both the five percentum damages and costs without making any distinction between them. Aetna Life Insurance Co. v. Thomas, 166 Miss. 54, 146 So. 134. We find no statute which expressly or by fair implication makes provision for the assessment of the costs in a case of conditional affirmance other than the general statute, Sec. 682 of the Mississippi Code of 1930, Sec. 1593 of the Mississippi Code of 1942, held applicable to the Supreme Court in Aetna Life Ins. Co. v. Thomas, supra, and which is as follows:

"If a case shall occur in any court not embraced expressly or by fair implication in some provision of law, the court may make such order for the payment of costs by any of the parties as, in its discretion, may be proper; and every court may protect a party from being taxed with the fees and costs of an excessive number of witnesses summoned at the instance of his adversary."

Under this code section the court had the power to assess the costs in its discretion but made no decision with reference thereto, and since the clerk had no statutory authority to award the costs against the appellant, the judgment as to costs is subject to correction on the motion of the appellant to correct the judgment. The motion seeks not to change the decision of the court or

to modify a judgment which the court intended to enter, but rather to correct a judgment as to costs which was not in accordance with a decision of the court theretofore made or by authority of any statute. We are of the opin-. ion, therefore, that the motion presented is not to be treated as a suggestion of error but that it is a motion which the court may properly entertain to correct the mistake in the decree as to the award of costs.

In support of their contention that the motion is in effect a suggestion of error and cannot be considered because not filed within the time allowed by the rules of court, the appellees rely upon the cases of Bacot v. Holloway, 140 Miss. 134, 105 So. 739, and Inman v. Travelers' Ins. Co., 154 Miss. 611, 122 So. 537. The conclusion which we have reached does no violence to the decisions in these cases. In the Bacot case, the decree of the court below was reversed in part and the costs of the appeal were adjudged against the appellee. After the expiration of the time allowed for the filing of a suggestion of error, the appellees filed a motion to re-tax the costs and the court held that the motion sought to set aside the former judgment in so far as it adjudicated the costs and to render a different judgment in respect thereto, and that it was in effect a suggestion of error and could not be entertained because not filed within the time allowed by the rules of court. In the Inman case, both Inman and the Travelers' Insurance Company were granted appeals from the action of the trial court in overruling certain motions, and the court held that the appeals were improperly granted and dismissed the appeals and taxed the costs against the appellant Inman. After the time allowed for the filing of a suggestion of error, Inman filed a motion to re-tax the costs so as to divide the costs equally between the parties to the appeal, or to tax each party with the costs incurred at his or its instance. The court held that the motion came within the rule announced in the Bacot case, and that the motion was in

effect a suggestion of error and was not to be entertained because not filed within the time allowed for the filing of a suggestion of error. In both of these cases the judgment as to costs was one which the court was authorized to enter. There is no showing in either case that the question of the award of costs had not been brought to the attention of the court and the court's decision obtained thereon prior to the entry of the judgment, or that the judgment was not one which the court intended to enter. In the absence of such showing the judgment imports verity. McIntosh v. Munson Road Machinery Company, et al., 167 Miss. 546, 145 So. 731. It must be presumed, therefore, in the absence of a showing to the contrary, that the judgments as entered in the Bacot case and the Inman case were judgments which the court authorized and intended to enter in accordance with a prior decision of the court. Hence, considered in this light, the motion to re-tax the costs in each of these cases sought to effect a change in the decision actually made or to modify a judgment authorized and intended by the court to be entered, and was properly held to be in effect a suggestion of error and not to be entertained because not filed within the time allowed by the rules of court. **(Hn 5)** In the case at bar, however, the court judicially knows, as learned from its earlier hearing of this appeal, that the question of costs was not brought to the attention of the court and that no decision of the court was made thereon, and that the award of costs as made in the judgment was the unauthorized act of the clerk. The court has the right to apply this judicial knowledge in the consideration of the motion here presented. 31 C. J. S. 516, Sec. 10. We think that the motion is not in effect a suggestion of error but that it is one properly to be entertained for the purpose of correcting the decree as to the award of costs. **(Hn 6)** While it is true that the appellant did not obtain the full relief sought by her appeal, she did obtain some relief of a substantial nature which would

have been denied her but for the appeal, and we think it proper in this case that the appeal costs be equally divided between the parties to the appeal.

The motion is therefore sustained and it is directed that the decree heretofore entered in this court be corrected so as to assess the appeal costs in the proportion of one-half against the appellant and one-half against the appellees.

Motion to correct judgment sustained.

All Judges concur.