HUNT OIL COMPANY *v.* BERRY

No. 39902          April 16, 1956          86 So. 2d 854

*Satterfield, Shell, Williams & Buford,* Jackson; *James B. Sykes,* Mendenhall, for movant.

*Jones* & *Stratton,* Brookhaven, for movee.

Holmes, J.

On March 19, 1956, we handed down our opinion in this cause affirming the decree of the court below insofar as it awarded damages to the appellees in the sum of $5400, representing the loss of the sale of a lease by the appellees to Earl R. Wilson, which the evidence shows occurred on April 23, 1954, and reversing said decree insofar as it awarded damages in excess of said sum of $5400. Judgment was entered here in favor of the appellees for said sum of $5400. No reference was made in the opinion to interest on said sum of $5400, and interest was not provided in the judgment entered. The decree appealed from had awarded interest on said sum at the rate of six percent per annum from April 23, 1954.

Within the fifteen days allowed for the filing of a suggestion of error, the appellees have now filed what they denominate as a "motion for the correction of judgment," seeking to have the judgment heretofore entered corrected so as to provide for interest on said sum of $5400 at the rate of six percent per annum from April 23, 1954.

We may treat the motion as a suggestion of error, but whether treated as such or as a motion for the correction of the judgment, we are of the opinion that it should be sustained. It was the opinion of the Court

that the award made by the chancellor for the loss of the lease to Wilson should be affirmed. This award by the chancellor included damages in the sum of $5400 with interest thereon at the rate of six percent per annum from April 23, 1954. The motion will therefore be sustained and the judgment heretofore entered corrected so as to include interest on said sum of $5400 at the rate of six percent per annum from April 23, 1954.

█ █ It is contended by the appellant that the question here raised should have been raised by a suggestion of error and that none was filed within the time allowed. We think that the error here sought to be corrected is one properly reached by a motion to correct judgment, since the motion does not seek to change the decision of the Court but rather to have the judgment entered conform to the opinion of the Court. Shipman v. Lovelace, et al, 215 Miss. 141, 60 So. 2d 559. █ █ Without regard, however, to the merit of this contention of the appellant, the motion was filed within the time allowed for the filing of a suggestion of error, and whether it be treated as a motion to correct judgment or as a suggestion of error, it was timely filed.

Motion to correct judgment sustained.

*McGehee, C.J.* and *Hall, Lee* and *Kyle, JJ.,* concur.