GILLESPIE, Presiding Justice:
ON MOTION TO CORRECT JUDGMENT AND RETAX COSTS
The final decree of the chancery court from which the appeal in this case was prosecuted recited the following:
The complainant Joseph C. Bancroft is therefore entitled to a judgment in the principal amount of $9,909.53 together with interest at 6% per annum from September 7, 1961 in the amount of $2,116.49, making a total judgment of $12,026.02 and all costs of this suit.
It is therefore ordered, adjudged and decreed that complainant Joseph C. Bancroft have and recover of and from the defendant Tom B. Wilkins the principal sum of $12,026.02 together with interest at 6% from September 7, 1961 until paid, and all costs of these proceedings.
. This judgment showed on its face that double interest was charged for the period September 7, 1961 until May 19, 1965, the *504 date of the decree. This error of the trial court was not contained in appellant’s assignments of errors filed in this Court. However, one of appellant’s assignments of error was that “the findings, opinion and decree of the chancery court are contrary to the evidence,” and among other matters argued under this assignment of error, the appellant stated in his brief that the decree of the trial court granted double interest for the period mentioned above. This brief reference to double interest was overlooked by this Court.
In his suggestion of error appellant suggested that this Court erred in failing to recognize and correct the decree as to the assessment of double interest. The Court called for an answer from appellee to that part of the suggestion of error concerned with double interest. Appellee thereupon filed a motion to correct the error by elimination of the double interest, conceding that double interest had been charged. This Court then sustained the motion and overruled the suggestion of error.
The appellant then filed this motion to correct judgment and retax costs, contending that it was necessary for him to appeal to avoid payment of double interest. He argues that in sustaining the motion to correct the judgment this Court in effect reversed the decree appealed from. He contends therefore that the costs and the 5% damages taxed for an unsuccessful appeal should not be allowed.
It was not necessary for the appellant to appeal to this Court in order to correct the error granting double interest. This correction should have been made upon application of appellant in the trial court under Mississippi Code Annotated section 1670 (1956).[1]
The decree of the chancery court was-patently erroneous, and the mistake, miscalculation or misreeital resulting in charging-appellant with double interest was safely amendable upon application to the trial' judge. It was not necessary to appeal to-this Court to make this correction.
We are therefore of the opinion that the-motion to retax the costs should be, and the-same is, hereby overruled.
Motion to correct judgment and retax costs overruled.
RODGERS, PATTERSON, INZER and! ROBERTSON, JJ., concur.

. Miss.Code Ann. § 1670 (1956)
Errors in general, corrected — changes in trial records, corrected.
Where, in the record of a judgment or decree of any court of law or equity, there shall be a mistake, miscalculation, or misreeital of any sum of money, quantity of any thing, or of any name, and there shall be among the records of the proceedings in the suit any verdict, bond, bill, note, or other writing of the like nature or kind, or docket or other memo-randa by the judge or chancellor, whereby such judgment or decree may be safely amended, it shall be the duty of the court, and of the judge thereof in vacation, to amend such judgment or decree thereby according to the truth, but the opposite party shall have reasonable notice in writing of not less than three days of the application for the amendment. And if the transcript of such judgment or decree at the time of the amendment, or at any time thereafter, be removed to tlie Supreme Court, it shall be the duty of that court, upon the inspection of such amended record, to be brought before it by certiorari if need be, to affirm the judgment, if there be no other error apparent on the record; or if there have been any wrongful or unauthorized changes in the-court record, or in any part of the record of the proceedings of any trial or in any of the trial papers, which wrongful' or unauthorized changes were made during, or have heen made since the trial, it shall be lawful for the trial judge in vacation, as well as in term time upon proper petition and upon reasonable notice to-the parties other than the petitioner, and upon proper proof oral and documentary-to correct said record, papers and proceedings, according to the proof and with like effect as is hereinabove provided' with reference to judgments and decrees..