GILLESPIE, Presiding Justice:
Horace Mills Richmond, hereinafter referred to as appellant, sued Van’s Moving and Storage Company, hereinafter referred to as appellee, for personal injuries, and appellee filed a counterclaim. The jury returned a verdict in favor of appellant and against appellee for $2500, and a judgment was entered accordingly on May 5, 1965. The jury also returned a verdict in favor of appellee on its counterclaim against appellant in the sum of $3,250, and a separate judgment on this verdict was entered. After the term of court had ended and the time for appeal had expired, appellee filed a motion to correct judgment under authority of Mississippi Code Annotated section 1670 (1956). In the motion appellee requested that the court strike the two judgments theretofore entered and enter one judgment in favor of appellee against appellant in the sum of $750. Notice was served on the appellant, and upon consideration of the motion in vacation, the circuit judge entered an order striking and voiding the two judgments first mentioned, and entered one judgment in favor of appellee against appellant for $750.
Mississippi Code Annotated section 1483.5 (1956) is the controlling statute on counterclaims, and provides in part as follows :
If it appears at the trial that the demand of the defendant is valid and equals the demand of the plaintiff, the judgment shall be that the plaintiff take nothing by his writ and pay the costs of court. If it appears that the plaintiff’s demand is valid and exceeds that of the defendant, the plaintiff shall have judgment for only that portion of his demand which exceeds the valid demand of the defendants, with costs of court, but if it appears that the demand of the defendant is valid, and exceeds the demand of the plaintiff, the defendant shall have judgment for the amount by which his claim exceeds the claim of the plaintiff, with costs of court.
Appellee’s motion to correct judgment invoked Mississippi Code Annotated section 1670 (1956), which provides in part as follows :
Where, in the record of a judgment or decree of any court of law or equity, there shall be a mistake, miscalculation, or misrecital of any sum of money, quantity of any thing, or of any name, and there shall be among the records of the proceedings in the suit any verdict, bond, bill, note, or other writing of the like nature or kind, or docket or other memoranda by the judge or chancellor, *237 whereby such judgment or decree may be safely amended, it shall be the duty of the court, and of the judge thereof in vacation, to amend such judgment or decree thereby according to the truth, but the opposite party shall have reasonable notice in writing of not less than three days of the application for the amendment.
The question for our determination is whether the entry of the two judgments previously described, rather than one judgment in favor of appellee for $750, was an error of law which could be cured only by prosecuting an appeal to this Court, or whether it was a mistake contemplated by section 1670 which could be safely corrected by proceeding under that statute. We hold that the judgment was properly corrected by proceeding under section 1670.
It is conceded that under Mississippi Code Annotated section 1483.5 (1956) one judgment in favor of appellee for $750 should have been entered. The substance of appellant’s argument is that the error was judicial and not clerical, and that a court may not revise a judgment for the purpose of correcting an error of law. Appellant urges that the correction of. a judicial error or error of law may be accomplished after the adjournment of the trial court only by prosecuting an appeal.
In Shipman v. Lovelace, 215 Miss. 141, 60 So.2d 559 (1952), a motion was filed to correct a judgment of this Court wherein there was a mistake in the award of costs. The Court stated that the mistake in awarding costs could be corrected on motion after the time for filing a suggestion of error had expired and after the expiration of the term of court at which the incorrect judgment was entered. In that case the Court stated:
The question presented makes pertinent a statement of the distinction between a suggestion of error and a motion to correct judgment. A suggestion of error seasonably filed lies to effect a change in the decision actually made or to modify a judgment authorized and intended to be entered. Sample, et al. v. Romine, 193 Miss. 706, 709, 8 So.2d 257, 9 So.2d 643, 10 So.2d 346. A motion to correct judgment lies for any of the grounds stated in Section 1670 of the Mississippi Code of 1942, or to correct a judgment so as to conform to the opinion of the court or conform to that intended by the court to be entered, or to correct a judgment entered by tire clerk without statutory authority or the direction of the Court. Couret v. Conner, 118 Miss. 598, 79 So. 801; Crudup v. Roseboom, 125 Miss. 205, 88 So. 497; Sample v. Romine, supra; Claughton v. Ford, 202 Miss. 361, 30 So.2d 805, 32 So.2d 751. The power to correct a judgment entered at a former term and containing any such error is inherent in every court of record. Cotten v. McGehee, 54 Miss. 621; Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845; Claughton v. Ford, supra; Chrismond v. Chrismond, 213 Miss. 189, 56 So.2d 482. (215 Miss. at 144, 60 So.2d at 560).
In Wilkins v. Bancroft, 195 So.2d 503 (Miss.1967), this Court held that a decree which erroneously charged the defendant below with double interest, which mistake was patent upon the face of the decree, should be corrected by the trial court by proceeding rtnder section 1670. We there held that in such cases it was not necessary to appeal to the Supreme Court to correct the mistake.
In numerous cases, most of which arc not reported, this Court has sustained motions to correct mistakes in judgments in awarding costs and in assessing the five percent penalty for unsuccessful appeals. Of course, in all such cases, as in the case at bar, the mistakes were, in the narrow sense, errors of law. These mistakes, however, were mistakes which the court had not ruled upon. Furthermore, there was some record whereby the judgment could be safely corrected. The ver- *238 diets in the record in the instant case are specifically mentioned in section 1670 as a safe basis for correcting the judgment.
For these reasons we are of the opinion that the order correcting the judgment should be and it is affirmed.
Affirmed.
JONES, BRADY, INZER and ROBERTSON; JJ., concur.