SUGG, Justice,
for the Court.
ON MOTION TO RETAX COSTS
Appellee was assessed with all costs of appeal and has filed a motion to retax costs. Judgment was entered in the trial court against appellant in the amount of $3,926.88 for actual damages and $35,000.00 for punitive damages. On appeal we affirmed the trial court’s judgment against appellant for actual damages but reversed and rendered the award of punitive damages, 389 So.2d 920.
As to costs of appeal, this Court is authorized to assess costs in certain cases as it deems proper. Section 11-53-55 Mississippi Code Annotated (1972).[1]
In Pearce v. Ford Motor Co., 235 So.2d 281 (Miss.1970), Mrs. Pearce perfected an appeal contending the trial court erroneously overruled her motion for a new trial on the sole issue of damages which she alleged to be inadequate. Ford filed a cross-appeal asserting that it had been entitled to a directed verdict. The case was affirmed without opinion both on the direct appeal and the cross-appeal and costs were taxed against the appellant. On motion to correct judgment this Court assessed the cost of the appeal one-half to each party under the authority of Shipman v. Lovelace, 215 Miss. 141, 60 So.2d 559 (1952).
In Shipman, appellees sued appellant to have themselves adjudged the owners of a city lot, to cancel the claim of appellant thereto, and to enjoin appellant from interfering with their use of the lot. Appellant answered and filed a cross-bill claiming ownership of the property. The trial court granted the prayer of appellee’s bill and dismissed appellant’s cross-bill. On appeal, this Court affirmed but modified the decree of the trial court and granted appellant the right to retain the use of a sewer line from her house across the lot in "question. As modified, the decree was affirmed. On motion to correct judgment, the costs of appeal were taxed one-half to each party. The Court then held that it had the power to assess costs in its discretion, stating:
We find no statute which expressly or by fair implication makes provision for the assessment of the costs in a case of conditional affirmance other than the general statute, Sec. 682 of the Mississippi Code of 1930, Sec. 1593[2] of the Mississippi Code of 1942, held applicable to the Supreme Court in Aetna Life Ins. Co. v. Thomas, supra [166 Miss. 53, 146 So. 34] .. . (215 Miss. at 145, 60 So.2d at 561).
Appellant argues that costs were properly assessed against appellee under the authority of Aetna Life Insurance Co. v. Thomas, 166 Miss. 53, 146 So. 134 (1933).
In Aetna, appellees sued appellant for monthly payments alleged to be due him under an accident insurance policy aggregating the sum of $400, and for $104.80 alleged to be due him because of premiums paid by him on the policy after his disability arose. The jury returned a verdict for ap-pellee and a judgment was rendered on the verdict for $504.80 with interest and costs. On appeal, this Court held appellee was entitled to recover $400 due him under the disability clause of the policy but was not entitled to recover for the premiums paid by him, and rendered a judgment here for appellee for $400 with interest from the date of the judgment in the court below. On a suggestion of error by appellant, which was apparently treated as a motion to retax costs, costs of the appeal were taxed against the appellee. Appellee then filed a suggestion of error contending that he should not have been taxed with costs on appeal, and if mistaken in this, then the cost should have been apportioned between him and the appellant. Appellee’s suggestion of error was overruled for the reason stated in the opinion as follows:
*520 The judgment appealed from is in soli-do for five hundred four dollars and eighty cents, was not separable for the purposes of appeal therefrom, unless by agreement, as to which we express no opinion. So that it was necessary for the appellant to appeal from it in its entirety, in order to obtain any relief whatever therefrom. The record also being an entirety, it was necessary for the whole of it to be brought to this court, in the absence of an approved agreement to the contrary, in order for the appellant to obtain any relief from the judgment based on it. The appellant could not by itself alone have lessened, and it did nothing to increase, the costs of the appeal. (166 Miss. at 66, 67, 146 So. at 136).
The Court specifically held that section 682 of the Mississippi Code of 1930 [section 11-53-55 Mississippi Code Annotated (1972)] did not apply in that case. A conflict of authority exists between Shipman and Aetna. Shipman holds that this Court may assess costs in its discretion under section 11-53-55 when the judgment of the trial court is affirmed in part, reversed in part, and rendered. Aetna holds to the contrary. Shipman effectively overruled Aetna without so stating. We are of the opinion that the Shipman case was correctly decided under section 11-53-55.
We therefor hold that we may assess appeal costs in our discretion under section 11-53-55 when the judgment of a trial court is affirmed in part and reversed and rendered in part.
This appeal involved two questions. We affirmed the allowance of actual damages but reversed and rendered the allowance of punitive damages. Appellant was successful in securing a reversal on one question but we affirmed on the other question leaving the appellant liable to appellee for the actual damages assessed by the jury. We are of the opinion that equity requires an equal division of costs in this case. We therefore sustain the motion and tax the costs one-half against each party.
MOTION TO RETAX COSTS SUSTAINED. COSTS TAXED ONE-HALF TO APPELLANT AND ONE-HALF TO APPELLEE.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.

. If a case shall occur in any court not embraced expressly or by fair implication in some provision of law, the court may make such order for the payment of costs by any of the parties as, in its discretion, may be proper. Every court may protect a party from being taxed with the fees and costs of an excessive number of witnesses summoned at the instance of his adversary.

. Section 11-53-55 Mississippi Code Annotated (1972).