834 So.2d 61 (2002)
Dwight McCLEE, Appellant/Cross-Appellee
v.
Valencia SIMMONS, Appellee/Cross-Appellant.
No. 2001-CA-01546-COA.
Court of Appeals of Mississippi.
December 17, 2002.
*62 Callestyne Hall Crawford, Greenwood, for appellant.
Shirley G. Rice, Greenwood, for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the Court.
¶ 1. This appeal was taken from an order entered by the Chancery Court of Leflore County, Mississippi which established paternity and awarded monthly child support. Valencia Simmons filed an original "Petition to Establish Paternity, Support, and Other Relief" against Dwight McClee in the Chancery Court of Leflore County, Mississippi on March 25, 1998. The hearing on this matter was held on July 24, 2001, and the chancellor ordered McClee to pay monthly child support to Simmons, an arrearage commencing March 1, 1997 through July 31, 2001, and support for medical expenses. Ms. Simmons, in her cross-appeal, asks this Court to award court cost to her and a fifteen percent penalty on the judgment of $10,200. Finding no error, we affirm.

FACTS
¶ 2. In July of 1986, Valencia Simmons and Dwight McClee had a relationship which produced a child, Fantasia Aquanetta Simmons, born on April 17, 1987. The parties never married and the child has been in the custody of her mother since birth, currently living in Norfolk, Virginia. A paternity evaluation conducted on August 11, 1999, determined Dwight McClee is the biological father of Fantasia Simmons. Both parties stipulated to this fact at the hearing on July 24, 2001.
¶ 3. Valencia Simmons, a member of the United States Navy, earns approximately $3,100 in gross monthly income. Her daughter is insured through the Navy's *63 health care in which the Navy pays the premiums and eighty percent of the medical bill. Ms. Simmons pays the other twenty percent and $8 a month for dental insurance which is deducted from her pay check. While Ms. Simmons maintains custody of Fantasia Simmons, her naval duties require her to be stationed overseas or at different naval bases and the child has resided with Ms. Simmons's mother in Greenwood during these periods or with other family friends.
¶ 4. McClee lives in Greenwood, Mississippi and is employed with the Greenwood Fire Department. His yearly salary is approximately $31,392. Withheld from his pay check monthly include: Fica: $162.30; Medicare: $37.96; Federal Income Tax Withholding: $300.14; State Income Tax Withholding: $72; Mandatory Retirement: $189.78 and Court Ordered Child Support: $253.50. After these deductions, McClee's monthly adjusted gross income is approximately $1,600.
¶ 5. McClee has four other children, a twenty three-year-old, a seventeen-year-old who lives with him, and two younger children for whom McClee pays court ordered child support. McClee also pays the premiums on health insurance for his three dependent children. Additionally, he has voluntarily paid child support for Fantasia Simmons in the amount of $111.11 a month from January 2001 to June 2001. He also paid for her school tuition from August through December of 2000 which was approximately $158 a month; her school uniforms which were approximately $250; and various other amounts as gifts or for spending money.
¶ 6. Valencia Simmons filed a petition to establish paternity and child support on March 25, 1998. The hearing was held in the Chancery Court of Leflore County on July 24, 2001. The chancellor ordered McClee to pay monthly child support to Ms. Simmons in the amount of $224 per month beginning August 1, 2001. He also ordered McClee to pay an arrearage commencing March 1, 1997 through July 31, 2001, for a total of $12,320. The chancellor gave McClee credits for various prior payments totaling $3,120 and entered a judgment for $10,200 to be paid at the rate of $50 per month. He was also ordered to pay seventy-five percent of all medical expenses incurred by the child not covered by insurance, or if he chooses to obtain supplemental insurance, then he shall pay fifty percent of all medical expenses incurred for the child. Aggrieved by the chancellor's findings, McClee has now perfected this appeal.

STANDARD OF REVIEW
¶ 7. Our scope of review in domestic matters is limited. This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Denson v. George, 642 So.2d 909, 913 (Miss.1994). This is particularly true "in the areas of divorce and child support." Nichols v. Tedder, 547 So.2d 766, 781 (Miss.1989). This Court is not called upon or permitted to substitute its collective judgment for that of the chancellor. Richardson v. Riley, 355 So.2d 667, 668-69 (Miss.1978). A conclusion that we might have decided the case differently, standing alone, is not a basis to disturb the result. Id.

ARGUMENT AND DISCUSSION OF LAW
I. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION BY DEVIATING FROM THE GUIDELINES WITHOUT MAKING FINDINGS EXPLAINING THE DEVIATION.
¶ 8. McClee argues the chancellor deviated from the statutory guidelines *64 used to establish child support in Miss. Code Ann. § 43-19-101 (Rev.2000) without making specific findings for this deviation. This Court is baffled by this argument and finds no evidence of this in the record. In § 43-19-101(1) the state established the following guidelines to assist the chancellor in awarding child support: 1 child14% of adjusted gross income; 2 children20% of adjusted gross income; 3 children22% of adjusted gross income; 4 children24% of adjusted gross income; 5 or more26% of adjusted gross income. Under § 43-19-101(3)(a) of the statute, the chancellor must make the following mandatory deductions to determine adjusted gross income: federal, state and local taxes, social security contributions, mandatory retirement and disability contributions, and court ordered child support. When reviewing child support awards, this Court examines the record to determine whether the chancellor's award is supported by sufficient evidence. Powell v. Powell, 644 So.2d 269, 275 (Miss. 1994).
¶ 9. While the chancellor never refers specifically to the statutory guidelines, it is clear from the record he is relying on them to reach his decision. He repeatedly refers to adjusted gross income, and the statutory deductions allowed to reach this figure. The chancellor uses McClee's most recent paycheck to determine his gross income and makes all the required statutory deductions to determine McClee's adjusted gross income is $1,600 a month. If you multiply this figure by fourteen percent, which is the correct percentage under the statute, the total monthly child support equals $224. This is the amount McClee was ordered to pay. Clearly, the chancellor followed the statutory guidelines and made no deviation. There was sufficient evidence to support the chancellor's child support award. McClee's argument is without merit and this Court upholds the chancellor's ruling.
II. WHETHER THE CHANCELLOR USED AN IMPROPER STANDARD IN REQUIRING THE APPELLANT TO PAY CHILD SUPPORT FROM 1997 AT THE SAME RATE AS IN 2002.
¶ 10. The chancellor is required to address the issue of back child support in his order establishing paternity and awarding child support. Miss.Code Ann. § 93-9-29(2) (Rev.1994). Further, the chancellor is limited to assessing liability on the father for back child support to the one year before the commencement of the action. Miss.Code Ann. § 93-9-11 (Rev.1994).
¶ 11. The chancellor broke down the lump sum award for back child support as follows: $224 a month from March 1, 1997 through July 31, 2001, which covered the one year period preceding the filing of the petition in March 1998, and the period from the filing of the petition to the date monthly payments were to begin on August 1, 2001, for a total of $12,320. Additionally, the chancellor gave McClee a credit in the amount of $2,120 for the five months the child was residing in Mississippi plus additional sums paid on behalf of the child, resulting in a total lump sum in the amount of $10,200. The chancellor ordered McClee to pay this in $50 monthly increments beginning August 1, 2001, until the amount is fully paid.
¶ 12. In raising the issue, McClee claims the chancellor erred by ordering him to pay back child support from 1997 at the same rate as in 2002. This, McClee claims, established an escalation clause, which did not factor in specific considerations, such as McClee's salary in 1997, the children's needs and inflation. It is a well-settled rule that this Court will only consider facts found within the trial record. Colenburg v. State, 735 So.2d 1099(¶ 6) (Miss.Ct.App.1999). This Court does not rely on assertions made in briefs, *65 but only on facts preserved within a record certified by law. Henderson v. State, 783 So.2d 769(¶ 4) (Miss.Ct.App.2001). As in this case, if McClee wanted the chancellor to factor in specific considerations with regard to the back child support, he should have entered them into evidence at trial. McClee made no mention as to any specific considerations he may have had regarding child support during the years 1997 to 2001. Also, McClee's tax returns for the years 1997, 1998, 1999, and 2000 were subpoenaed by Ms. Simmons and he failed to provide them. McClee had ample opportunity to admit this issue into evidence and failed to do so. Therefore, this Court holds this issue is dismissed, as it relies almost exclusively on facts not found within the record.
¶ 13. Additionally, even if the record contained sufficient evidence to consider McClee's claim, this Court finds the chancellor did not abuse his discretion. The one-year limitation on a father's liability for past, necessary support and maintenance is in no way a statutory requirement on the amount of support a father should be ordered to pay. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000). Matters such as these are left to the discretion of the chancellor. Id. After examining the record in this case, there is no evidence the chancellor abused his discretion on the matter of back child support.
III. WHETHER THE CHANCELLOR ABUSED HIS DISCRETION BY NOT GIVING A DEDUCTION FOR THE CHILD LIVING IN APPELLANT'S HOME.
¶ 14. Under Miss.Code Ann. § 43-19-101(3)(d) (Rev.2000), the chancellor may subtract an amount that he deems appropriate to account for the needs of another child living in the home of the absent parent. This is clearly left up to the discretion of the chancellor and is not a mandatory provision of the statute. Bailey v. Bailey, 724 So.2d 335(¶ 11) (Miss. 1998).
¶ 15. McClee argues the chancellor failed to determine if there was some special need of the child living with him and this Court should reverse and remand to make further determination. As previously addressed, if McClee wanted the chancellor to consider the special needs of the child living with him, he should have introduced this evidence at trial. There is no mention of any need this child may have which is greater than that of any of the other children.
¶ 16. Additionally, the chancellor made the following findings with regard to the child living with McClee:
I do not believe, under these circumstances, that I should or need to take into consideration the child living with him. I know that it is an expense, but the child is 17 years old. With the percentages for one child, and taking all the other deductions, I do not believe it would be fair to deduct anything further from his wages to determine what his child support should be figured at per month.
McClee made no objection at trial to this statement, and made no attempt to offer any proof of the expenses this child may have. We find the chancellor's reasoning regarding McClee's custodial child to be sound. The chancellor did not abuse his discretion and we uphold his decision.
IV. DID THE LOWER COURT ERR BY NOT AWARDING COURT COSTS TO THE APPELLEE?
¶ 17. The cross-appeal presents the question of whether court costs should have been awarded to Ms. Simmons. The award of court costs is entrusted to the sound discretion of the chancellor. Martin *66 v. Martin, 566 So.2d 704, 707 (Miss. 1990). The problem with this claim is that no proof was placed in the trial records with regard to Ms. Simmons's court costs. There is no attempt in the record by Ms. Simmons to explain why court costs should be awarded to her, or for that matter, no actual request by Ms. Simmons for the award. No affirmative evidence was offered and no evidence was shown to prove Ms. Simmons had confirmed her costs of court with the trial court. As stated previously, this Court may only base its rulings upon evidence found within the record. We find no abuse of the chancellor's discretion in this instance. Therefore, we affirm his order and also deny the motion for court costs to her on this appeal.
V. WHETHER APPELLEE IS ENTITLED TO AWARD OF FIFTEEN PERCENT PENALTY ON THE JUDGMENT OF $10,200.
¶ 18. Under Miss.Code Ann. § 11-3-23 (Rev.1991), if the judgment of the court below for a sum of money be affirmed, a judgment against the appellant for damages at the rate of fifteen percent may be entered on the lower court's judgment. This section only applies to unconditional affirmances. Shipman v. Lovelace, 215 Miss. 141, 144, 60 So.2d 559, 560 (1952). Accordingly, we award fifteen percent penalty on the judgment of $10,200.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF LEFLORE COUNTY IS AFFIRMED ON DIRECT AND CROSS APPEALS. STATUTORY DAMAGES AND INTEREST ARE AWARDED TO THE APPELLEE. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.