## STACKS *v.* ROBSON.*

(Division B. June 8, 1925.)

[104 So. 354. No. 24999.]

1. LANDLORD AND TENANT. *Tenancy may be terminated by agreement without statutory written notice.*

     A tenancy may be terminated by agreement of landlord and tenant without notice in writing, under Code 1906, section 2882 (Hemingway's Code, section 2380).

2. TRIAL. *No direction of verdict on conflicting evidence on controlling fact.*

     There being a conflict of evidence on the controlling question of fact, whether there was an agreement between the parties terminating a tenancy, it was error to direct a verdict.

     *Headnotes 1. Landlord and Tenant, 35 C. J., sections 320, 333; 2. Trial, 38 Cyc., p. 1568.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action by Mrs. H. B. Robson against W. C. Stacks. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*C. F. Patterson,* for appellant.

The giving of a peremptory instruction in favor of the plaintiff in the lower court was erroneous. The questions at issue as shown by the evidence are purely questions of fact and therefore for the jury to decide. The question as to whether or not an agreement was reached by and between the plaintiff and defendant, that the tenancy was to be terminated on the 1st of May, 1924, and was terminated by such agreement and the question as to whether or not the acts and conduct of the parties in regard to the subject-matter were such as to show that the tenancy had been so terminated, were purely ques-

tions of fact to be determined by the evidence and therefore for the jury to decide. The evidence all the way through, as shown by the transcript, is conflicting.

The fundamental and long tried principle of law is that: "Where the evidence is conflicting on an issue it is proper to present it to the jury." *Sunflower Bank* v. *Pitts*, 108 Miss. 380; *Thrasher* v. *Gillespie*, 52 Miss. 840; *Cantrell* v. *Kansas City & R. Co.*, 69 Miss. 435; *Scott* v. *Bonner*, 11 So. 791; *Avent* v. *Maroney*, 12 So. 209; *Holmes* v. *Simon*, 71 Miss. 245; *Griffin* v. *Brock*, 33 So. 968; *Bell* v. *So. Ry. Co.*, 94 Miss. 440; *Skipworth* v. *Mobile & R. Co.*, 95 Miss. 50; *Bayers* v. *McDonald*, 54 So. 664, and many other cases cited under paragraph 143 of Miss. Digest—Trials—page 29.

The record reeks with conflicting evidence and therefore the matter should have been submitted to the jury for disposition. It cannot be contended that two persons, a landlord and a tenant, cannot agree to terminate a tenancy by and between themselves without the necessity of a written notice. R. C. L., Contracts, par. 304, page 921, announces the law in such cases.

*Reed, Brandon & Bowman,* for appellee.

It seems to us that the question before this court on this appeal is not the veracity of the witnesses who testify, as counsel for appellant seems to think, to judge from his treatise on the testimony as set forth in the record—but rather a construction of section 2882 of the Code of 1906, and nothing else.

Where a tenancy is from month to month, as was the case here, is it necessary under the law for the landlord or tenant desiring to terminate their tenancy to give to the other one week's notice in writing of his intention so to do. We can see no other question involved in this appeal and therefore shall address ourselves to the consideration of the answer to that question. Counsel for appellant in his brief contends that the statute invoked by the plaintiff below, and upon which the trial court

gave a peremptory instruction is a protective statute.
We agree with him there, until he attempts to limit the
protective feature of the statute, and, if his reasoning
were to be followed, to finally abolish the statute entirely.

It seems to us that counsel for the appellant has over-
looked the real protective feature of the statute. This
statute in its purposes is closely akin to our statutes for
fraud as will be clearly apparent from a study of the
history of the statutes. Even under the common law, in
cases of tenancy not determinable at a stated time, such
as tenancy from year to year, and from month to month,
it was necessary, to terminate such a tenancy, for the
landlord or the tenant, which ever desired to terminate
the lease, to give a notice within a prescribed time to
the other. But at common law such notice was not re-
quired to be in writing and the notice could be given
by either party verbally.

But now in Mississippi we have a statute which pre-
scribes that in all cases where notice is required to termi-
nate a tenancy, that is where the term is not to expire at
any fixed time, then that the party desiring to terminate
the lease shall give notice thereof in writing.

Why this change? Why this added requirement to the
state law over the requirement under the system of com-
mon law? We feel secure in making the assertion that
the wise provisions of this statute were incorporated in-
to the law of landlord and tenant as a result of the abuse
of the provisions by both landlord and tenant alike. The
provision for verbal notice left open too wide the gates
for fraud and perjury to enter in, to the utter confusion
of justice.

It is not denied by counsel for appellant that, in the
absence of agreement, this tenancy could have been ter-
minated only by the written notice required by the stat-
ute, but he attempts to lift the case out of the statute by
alleging a verbal agreement instead of a verbal notice.
To allow such an allegation to take the case out of the
statute would be to completely nullify the statute.

We now again wish to call the court's attention to the clear and emphatic terms employed in the statute referred to,—where the letting is by the month or by the week, one week's notice in writing shall be given. It is not anticipated by the statute that there must be something in writing for purposes of proof? That, after all, is the only reason for and purpose of our statute of fraud. 20 Cyc. 156.

We direct the court's attention to the general principle and plan of the laws requiring agreements, understandings and notices relative to real estate to be in writing. Such principle and plan has been particularly applied in cases of the termination of tenancy, and is clearly stated in all statutes requiring notice to terminate a tenancy to be in writing.

We have attempted to show by reason and by illustration that this statute is in the nature of a statute to prevent the perpetration of fraud. We can explain the requirement that the notice or agreement be in writing in no other way. We therefore submit that the trial judge committed no error in giving a peremptory instruction in this case for the plaintiff, and that this case should be here affirmed.

*C. F. Patterson,* for appellant, in reply.

The argument of the appellee that to hold that a tenant can introduce evidence of an agreement for a termination of a tenancy and show all such circumstances, as aforementioned, would be practically doing away with the statute requiring a written notice, fails miserably when we consider this phase of the statute quoted. Section 2380, Hemingway's Code, begins thus: "Notice to quit shall be necessary only where the term is not to expire at a fixed time, etc." In other words where the term is to expire at a fixed time, no notice to quit is necessary under this statute.

The appellee alleges that the statute is mandatory in all cases, regardless of circumstances, agreements, or

what not and that the intent of the legislature was to do away with the possibility that a tenant may come into court and allege that while he has not given written notice as required by law, still he had an agreement with the landlord whereby he was released as tenant, and that their reason for so doing was to prevent perjury, etc. All right, if the legislature intended this when they enacted the law, why did they not also take care of the other proposition, to-wit: the possibility that a tenant might come into court and allege that he and the landlord had made a verbal agreement for rent of the premises for a definite period, say six months, and that the tenancy was to expire at the end of six months, and that is why he, the said tenant, at the end of six months vacated the premises.

Is the tenant to be prevented from coming into court and introducing proof that under the alleged verbal agreement for a tenancy for a fixed time, that such tenancy did expire as alleged and that the landlord by his acts and conduct with the subject-matter and other parties has borne out the allegations of the tenant. Where is the difference?

The legislature did not intend this statute to prohibit a tenant from resorting to the constituted courts of justice to prove an agreement to terminate a tenancy and to therein show that the landlord has not only released him, but accepted and placed another tenant upon the premises.

HOLDEN, P. J., delivered the opinion of the court.

The suit was brought to recover eighty dollars for the rent of a building, at thirty dollars per month, in Natchez. Judgment was rendered for the plaintiff, Mrs. Robson, upon a peremptory instruction granted to her. Hence this appeal.

After all the evidence for both sides was introduced, the court directed a verdict for the plaintiff, upon the ground that the tenant Stacks, had failed to notify the

landlord, Mrs. Robson, in writing of his purpose to terminate the tenancy, as provided by section 2882, Code of 1906 (section 2380, Hemingway's Code).

The appellant, Stacks, defendant below, introduced testimony showing that he had a verbal agreement with the landlord to terminate the tenancy, and that it was terminated by this agreement, and the premises were let to another party. On the other hand, the appellee, Mrs. Robson, introduced proof to the contrary, showing that no such agreement for the termination of the tenancy was had between them. In this state of the case the peremptory instruction was granted for the plaintiff.

We think a tenancy of this character may be terminated by agreement between the landlord and the tenant without written notice; and, as the evidence introduced by the tenant established this fact, and that introduced by the plaintiff showed the contrary, it seems clear to us a question of fact arose which should have been submitted to a jury, instead of directing a verdict for the landlord.

Therefore the judgment of the lower court is reversed, and the case remanded for a new trial.

*Reversed and remanded.*