J. W. ELLISON, *Plaintiff in Error* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed September 5, 1930.

*J. J. Murray* and *Dykes & Cox,* for Plaintiff in Error.

*Fred H. Davis,* Attorney General, *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, Commissioner:

An information was filed in the Criminal Court of Record of Orange County, charging the plaintiff in error with having entered a bigamous marriage. Upon a trial of the cause, a conviction was had and it is now here upon writ of error.

It appears from the testimony that the plaintiff in error, in July, 1924, in Bartow, Florida, married one Martha Elizabeth Ellison, and that on December 3, 1928, in Orlando, Florida, he was also married to one Ida Lawrence, without having been divorced from his wife, Martha Elizabeth.

It is contended here that the judgment should be reversed because the evidence discloses that his wife Martha Elizabeth told him in the summer of 1928 that she had secured a divorce and had married again, and introduced him at the time to her alleged second husband, and that he, the plaintiff in error in good faith believed that her statement was true.

What we believe to to be the correct rule in such cases is stated in State v. Hendrickson, 67 Utah 15, 245 Pac. R. 375, 57 A. L. R. 786, where it is held in effect that an honest belief, reasonably entertained, that a valid divorce has been granted will not constitute a defense to a prosecution for Bigamy. The cited case is sustained by the weight of authority. See note in the same volume, page 792; also People v. Spoor, 235 Ill. 230, 85 N. E. R. 207, 126 A. S. R. 197, and note; 14 A. & E. Ann. Cas. 638; 7 C. J. 1165, and 3 R. C. L. 802.

Other questions are raised and discussed in the brief of plaintiff in error, but in view of what we have said, and also in view of the admissions of the plaintiff in error when he was upon the stand as a voluntary witness in his own behalf, we deem it unnecessary to refer to them.

It follows that the judgment should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below in this cause should be, and the same is hereby, affirmed.

TERRELL, C. J., and WHITFIELD, STRUM and BUFORD, J. J., concur.

STRUM, J. (Concurring).—To me it is difficult to discern any moral guilt on the part of this defendant in view of the fact that before he contracted the second marriage his first wife told the defendant she had divorced him and had herself re-married, introducing defendant to her second husband. The same statements were made by defendant's first wife to several of defendant's close relatives. Relying upon these representations of fact defendant in good faith re-married. The great weight of authority however, sanctions the view that a defendant is legally guilty under such circumstances, if in fact no divorce had been procured, and that view is well supported by logical rules of statutory construction, a comprehensive review of which appears in the Utah case cited in the principal opinion. I therefore concur in the judgment of affirmance, although I think the undisputed facts of this case constitute a basis for mitigated punishment.