CLAUGHTON v. FORD.

(Division A. June 9, 1947. Motion to Correct Judgment Sustained in Part. Nov. 10, 1947.)

[30 So. (2d) 805. No. 36421.]

ON MOTION.

(In Banc. Nov. 10, 1947.)

[32 So. (2d) 751. No. 36421.]

**Jones & Ray,** of Jackson, and **Stevens & Calhoun,** of Hattiesburg, for appellant.

H. H. Parker and Williams & Williams, all of Poplar-ville, for appellee.

**H. H. Parker** and **Williams & Williams,** all of Poplarville, for appellee, on motion to correct judgment.

**Jones & Ray**, of Jackson, and **Stevens & Calhoun**, of Hattiesburg, for appellant, on motion to correct judgment.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellee seeks, by a bill in equity, to recover the possession of a building operated as a hotel by the appellant, of the furniture and equipment thereof, and for damages to the furniture therefore in the building, alleged to have been destroyed or damaged by the appellant. The court below awarded the appellee the possession of the furniture therein, and appointed a master to make and state an account of the appellee's damages, alleged to have been suffered by the destruction of, and damage to, the furniture in the building owned by the appellee.

In June 1931, the then owner of the building, which was being operated as a hotel, leased it to T. L. Claughton for a period of three years, ending on July 1, 1934, at an agreed monthly rental. Claughton, the lessee, agreed "to keep, replace and maintain during the term of this lease all furniture, fixtures, equipment, utensils, etc., including linens, shades, kitchen and dining room equip-

ment, in substantially the same grade, quality, and kind wherever the same may be replaced and at the expiration of this lease to deliver up and return the same to the party of the first part.'' The agreed rental was $250 per month, but was afterwards by a verbal agreement reduced to $150 per month. Claughton operated the hotel until about August 1, 1941, when according to the evidence for the appellee, he requested the president of the Goodyear Yellow Pine Lumber Company, the then owner of the building, to execute to him a new lease to the building: The president of the Company, L. O. Crosby, declined this request, stating that the owners of the building desired to sell it but that Claughton could continue to operate it in accordance with the original lease except on a month-to-month basis, to which Claughton agreed, as to which there is no conflict in the evidence. The appellee objected to this evidence in the court below, but did not assign its admission as error. Thereafter Claughton continued to operate the hotel until his death in February 1944, after which his widow, Mrs. T. L. Claughton, the appellant, continued to operate it, according to the evidence for the appellee, pursuant to an agreement by her with the Goodyear Yellow Pine Lumber Company, on a month-to-month basis. She denied entering into this agreement and claimed that she was operating the hotel as a holdover tenant under the original lease to her husband in 1931, to which she claimed to have succeed by virtue of being one of his heirs,—at least, that is the way we understand her claim.

On July 16, 1946, the appellee notified the appellant, in writing, that her tenancy of the building would terminate on the 31st day of that month, and requested that she surrender to him possession thereof, together with its furniture, fixtures, and equipment. She declined to do this, and this suit was then begun by the appellant.

A demurrer to the bill of complaint was overruled. Whether this ruling was right or wrong, as to which we express no opinion, is immaterial under Section 147 of

the Constitution unless we should reverse the decree of the court below for some other reason.

The court below, as it had the right to do, accepted the evidence for the appellee hereinbefore referred to as true and, therefore, its decree is supported by the evidence and must be affirmed.

Complaint is made that the case was prematurely tried over the objection of the appellant, but this complaint is without substantial merit and we shall not pause to set it forth in detail. Moreover, no sort of harm resulted to the appellant on the overruling of her request to pass the case to a later date.

A number of other interesting questions are presented in the briefs of counsel, but which disappear in the presence of the two agreements that the tenancy here was from month to month, which the court below accepted as having been made.

Affirmed and remanded.

**Sydney Smith, C. J.**, delivered the opinion of the court on motion.

This is a suit by the appellee, the owner of a building used by the appellant as a hotel, to recover possession of it and certain designated furniture and hotel equipment therein from the appellant, whose defense was that she was entitled to retain possession of all of this property as a tenant under an unexpired lease thereof. The appellant failed to substantiate this claim and possession of the property was awarded the appellee. This decree was affirmed by this Court, Claughton v. Ford, 30 So. (2d) 805, prior to the adjournment of a former term thereof. Our judgment failed to award the appellee the statutory damages for appealing the case permitted by Sections 1971 and 1972, Code 1942, and the appellee now requests us to correct the judgment then rendered so as to award him this damage, and, as the value of the property does

not appear in the record, to remand the case to the Court below for the ascertainment thereof.

The appellant raises two objections to this motion (1) this Court lost its power to correct this judgment when it adjourned for the term at which the judgment was rendered, and (2) to allow this statutory damage would be to allow double damages.

This Court has uniformly held since the decision in October 1877 of the case of Cotton v. McGehee, 54 Miss. 621, that power to correct an error in the record of a judgment rendered by it at a former term so as to make the record thereof conform to the judgment it rendered is inherent in every court of record. This question was thoroughly discussed and pertinent authorities cited in Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345.

It is true that in the case at bar the opinion rendered when it was decided makes no reference to an award of this damage, and we will assume, as is usually the case, that no oral reference was then made to it from the bench, but neither was necessary. It is mandatory on the Court to include this statutory damage in its judgments of this character and it is always done by its Clerk in recording the judgment unless omitted by him through mistake. It must, therefore, be considered to have been included in the judgment rendered when the case was decided.

The appellant's double damage claim is based on the theory that the double rent allowed a landlord against a tenant holding over is the sole measure of the landlord's damage therefor and excludes the award of this statutory damage. In this the appellant is in error. The damage allowed by Sections 1971 and 1972, Code 1942, is recoverable only in this Court and has no bearing on the amount of the recovery by a litigant in the courts below.

The measure here of this statutory damage is not the value of the property, the possession of which was awarded the appellee, for "the interest in it which is in controversy" is that only claimed by the appellant as

a tenant thereof, the value of which only is necessary to be ascertained in order to measure the damage to be here allowed. McKeithen et al. v. Bush, 201 Miss. 664, 30 So. (2d) 83; Firestone Tire & Rubber Co. v. Fried, 202 Miss. 370, 32 So. (2d) 454. Consequently, the motion will not be allowed for damages on the value of the property, McKeithen et al. v. Bush, supra, but only on the interest therein here in controversy, to which extent this motion will be sustained, and the case remanded for the ascertainment of that value. In McKeithen et al. v. Bush, supra, where an appellee requested the court by a motion to allow him statutory damages on the value of the land involved but was entitled only to the value of the interest therein in controversy, his request was denied and his motion was overruled. That case will not be here followed and insofar as it denied the appellee statutory damage on the value of the interest in the property involved it will be overruled. Whether the appellee there should be allowed damages on the interest in the property in controversy was not called to the attention of the Court nor discussed in the opinion. It was simply overlooked by both Court and counsel.

Motion sustained in part.