TURNER *v.* STATE.

Division A. Nov. 19, 1951.

No. 38114 (55 So. (2d) 228)

Alfred Moore, for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Arrington, C.**

The appellant, Melvin Turner, was indicted, tried and convicted in the Circuit Court of Forrest County for the crime of bigamy, under Sections 2019 and 2020, Code of 1942, and sentenced to the penitentiary for a period of eighteen months, from which judgment he appeals.

The undisputed facts in this case show that the appellant was lawfully married to one Christine Hill on November 22, 1948; that while she was still living, he married Sarah Jewel Keller on February 6, 1950, and which, according to the evidence on the part of the State, was prior to any divorce. The decree which was introduced in evidence showed that the appellant and his first wife were divorced on February 7, 1950. The appellant contended that his former wife obtained a divorce from him on February 6, 1950 and that the decree was erroneously dated February 7, 1950.

The appellant assigns as error that the lower court erred in overruling his plea in abatement; refusing the requested peremptory instruction; and other instructions based on honest belief that his first wife had obtained a divorce prior to his second marriage. It is also assigned

as error that the court permitted the district attorney, who represented the first wife of the appellant in the divorce proceedings, to testify in the case over the objection of the defendant. To the plea in abatement was attached a petition filed in the Chancery Court of the Second Judicial District of Jones County, Mississippi, asking that court, upon hearing of the petition to enter a decree correcting the mistake alleged to have been entered in the decree of divorce between Christine Hill Turner and the appellant, and erroneously dated February 7, 1950 instead of February 6, 1950. The plea in abatement asked that the prosecution in said cause be abated until the Chancery Court had an opportunity to pass upon said petition.

The Court is of the opinion that the lower court erred in overruling the plea in abatement under the circumstances in this case, as this was the only defense the appellant had, and in the event the chancery court did correct said decree of divorce from the 7th day of February to the 6th day of February, 1950, no crime would have been committed by the appellant. All courts have the inherent power to correct and make their judgments speak the truth. In Claughton v. Ford, 202 Miss. 361, 30 So. (2d) 805, 32 So. (2d) 751, the Court said: "This Court has uniformly held since the decision in October 1877 of the case of Cotton [Cotten] v. McGehee, 54 Miss. 621, that power to correct an error in the record of a judgment rendered by it at a former term so as to make the record thereof conform to the judgment it rendered is inherent in every court of record. This question was thoroughly discussed and pertinent authorities cited in Wilson v. Town of Handsboro, 99 Miss. 252, 54 So. 845, Ann. Cas. 1913E, 345." See also Brown v. Sutton, 158 Miss. 78, 121 So. 835.

The lower court committed no error in refusing the requested peremptory instruction and the other requested instructions by appellant based on honest belief and information that his former wife had obtained

a divorce when he married the second time, as this is no defense. In 10 C. J. S., Bigamy, Sec. 7(c) and (d), it is said: "(c) Under some authorities, an honest but erroneous belief, reasonably entertained, that a valid divorce has been granted as to the prior marriage will constitute a defense to a prosecution for bigamy. * * * The more generally maintained rule, however, is that an honest and reasonably entertained belief that a valid divorce has been granted, when none has been, is no defense, particularly where the permitted defenses are specifically named in the statute and such belief is not among them. (d) Advice of counsel that there is no impediment to a second marriage is no defense to a prosecution for bigamy. This principle has been applied where accused was advised by counsel that a decree of divorce had dissolved the prior marriage, or that the prior marriage was void." To the same effect is 7 Am. Jur., Bigamy, Secs. 26, 28. Compare Burnley v. State, 201 Miss. 234, 29 So. (2d) 94. In Ellison v. State, 100 Fla. 736, 129 So. 887, 888, the Court said: "What we believe to be the correct rule in such cases is stated in State v. Hendrickson, 67 Utah 15, 245 P. 375, 57 A. L. R. 786, where it is held in effect that an honest belief, reasonably entertained, that a valid divorce has been granted, will not constitute a defense to a prosecution for bigamy. The cited case is sustained by the weight of authority. See note in the same volume, page 792; also People v. Spoor, 235 Ill. 230, 85 N. E. 207, 14 Ann. Cas. 638, 126 Am. St. Rep. 197 and note; 7 C. J. 1165; and 3 R. C. L. 802."

We are of the opinion that it was error for the district attorney to testify in this case against the appellant over objection. In the petition to correct the mistake in the decree filed in the chancery court, which was attached to and made a part of the plea in abatement, it stated that the district attorney represented Christine Hill Turner, the first wife of appellant, in the divorce

proceeding and that the decree was rendered on February 6, 1950, and not on February 7, 1950. We are of the opinion that the district attorney, having participated in this proceeding, should have foreseen that more than likely he would be called upon to testify and that he should have withdrawn from the prosecution or refrained from testifying. Adams v. State, 202 Miss. 68, 30 So. (2d) 593.

In view of the errors enumerated above, it follows that this case should be and it is reversed and remanded.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the Court below is reversed and remanded.