WILLIAMS *v.* SHIVERS.

No. 39422        January 3, 1955        76 So. 2d 838

*L. Percy Quinn,* Jackson, for appellant.

*Leon L. Shelton,* Jackson, for appellee.

ETHRIDGE, J.

This is a suit to remove a tenant for non-payment of rent. Appellee, Mrs. H. H. Shivers, is the owner of the Rebel Cafe and Tourist Courts, situated on Highway 49 of Rankin County. For several months prior to November 10, 1953, appellant James H. Williams rented the cafe and courts from appellee for a monthly rental of $125. Although there is some ambiguity as to whether it was an oral lease for six months or on a month to month basis, the great weight of the evidence shows, and the jury apparently so found, that appellant was leasing from Mrs. Shivers on a month to month basis. A rental payment of $65 (at this time appellant was paying rent each two weeks) became due and payable on November 10, 1953. Appellant did not pay it.

On November 17, appellee served upon appellant the following notice: ''Pursuant to statute of this State this is to officially notify you in writing to vacate the premises described as Rebel Cafe & Courts, owned by the undersigned, and to depart said premises, leaving

same in as good order as of the day you entered thereon." On November 24, appellee filed in the proper justice of the peace court "an affidavit to remove tenant," apparently under Code of 1942, Section 948. That affidavit was based upon a printed form. In it the appellee swore that appellant, after the expiration of his term and without appellee's permission, holds over and refuses to deliver possession of the property; and "that there is now due from said defendant the sum of $65.00 rent and the necessary notice according to law has been given to terminate such tenancy, and that satisfaction of said rent cannot be obtained by distress of the goods, wares and chattels of the said. . ." On November 26 a summons was served upon appellant. On December 2 a justice of the peace court rendered a final judgment against appellant, ordering him to vacate the property, and giving appellee a judgment for $65 against appellant.

From that judgment, Williams appealed to the Circuit Court of Rankin County. There was a trial before a jury, at which appellee's husband testified. Appellant offered no testimony on the merits. The jury rendered a verdict for appellee, plaintiff, and the judgment of the circuit court ordered appellant to vacate the premises, and, as authorized by Code Section 1197, gave appellee a judgment also for $250, "as rent from November 10, 1953 to January 10, 1954," against appellant and his bondsmen on his supersedeas appeal bond from the justice of the peace court's judgment. Williams then appealed to this court with supersedeas.

▮▮▮ The notice to vacate is not in literal compliance with Code of 1942, Section 948 (2), since it fails to require in the alternative the payment of rent or the possession of the premises. Wilson v. Wood, 84 Miss. 728, 36 So. 609 (1904). ▮▮▮ However, a tenancy may be terminated by agreement between a landlord and tenant without written notice. Stacks v. Robson, 139 Miss. 600, 104 So. 354 (1925). ▮▮▮ It is undisputed that this oc-

curred here. Appellee's husband, who acted as her agent, went to appellant to collect the rent or to get him to vacate, and appellant promised him that he "would be moved next Monday." Moreover, this also constituted a waiver by appellant of the written notice. 51 C. J. S., Landlord and Tenant, Section 89 (5) (a), p. 653, Section 150, pp. 760-761; 32 Am. Jur., Landlord and Tenant, Sections 837, 1003-1007. So whether this conduct of appellant is regarded as an agreement to terminate the lease and vacate the premises, or as a waiver by him of notice to vacate under Section 948 (2), appellant is precluded here from contending the notice was insufficient.

■■■ Appellant cannot complain of his own omission on appeal to the circuit court in failing to have filed with that court a certified transcript of the record in the justice of the peace court. And although the instruction appellant complains of is not entirely satisfactory, we think that it was sufficient to submit the principal issue to the jury. Moreover, appellant asked for no instructions for himself.

■■■ Code Section 958 makes appeals in cases of this type similar to those in cases of unlawful entry and detainer. That pertinent statute, Code Section 1197, provides that on the trial de novo in the circuit court the plaintiff may claim for all arrears of rent due at the time of such trial. Hence the judgment of the circuit court correctly allowed appellee rent up to that time in the amount of $250. From that judgment appellant appealed to this Court with a supersedeas bond of $1,500, conditioned on his paying and satisfying such judgment as this Court may render. ■■■ Appellee asks that we render a money judgment for the rent in default up to the time of the judgment of this Court. Appellant makes no response to that request in appellee's brief. Since appellant appealed with supersedeas, he apparently is still in possession of the property, and it would be inequitable to permit him to have enjoyed such possession without paying appellee rent therefor. Under the authority

of Code Section 1973, dealing with judgments by this Court on supersedeas bonds, and the legislative intent evidenced by Section 1197, and the express terms of the supersedeas bond, we think that appellee is entitled to judgment in the amount of the rent for the period appellant has occupied the property, and not later than the date of the rendition of the judgment of this Court. Hence the case is remanded to the circuit court for ascertainment of the period during which appellant remained in possession of the premises, and for rendition of a judgment for appellee against appellant and the sureties on his supersedeas appeal bond to this Court for rent of $125 per month for the period of appellant's possession. Compare the decisions under the double rent statute, Code Section 949, and Claughton v. Ford, 202 Miss. 361, 370, 32 So. 2d 751 (1947) (on motion to correct judgment.)

Affirmed and remanded.

*McGehee, C. J.,* and *Lee, Arrington* and *Gillespie, JJ.,* concur.