# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-01713-SCT

*GINGER M. POPE, ADMINISTRATRIX OF THE*
*ESTATE OF NANCY SPRINGER, DECEASED*

*v.*

*DR. CHARLES F. BROCK AND DR. STEVEN*
*CLARK*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/26/2013 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| TRIAL COURT ATTORNEYS: | TOMIKA HOLIDAY |
| | CLINTON GUENTHER |
| | KIMBERLY N. HOWLAND |
| | GERALD H. JACKS |
| | ELLIS TURNAGE |
| | JAMES L. WILSON, IV |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ELLIS TURNAGE |
| ATTORNEYS FOR APPELLEES: | JAMES LAWRENCE WILSON, IV |
| | TOMMIE G. WILLIAMS |
| | CLINTON M. GUENTHER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | APPEAL DISMISSED - 12/17/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, P.J., KING AND COLEMAN, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On March 24, 2006, the Bolivar County Circuit Court granted Dr. Charles F. Brock and Dr. Steven Clark summary judgment based on the expiration of the one-year statute of limitations in the Mississippi Tort Claims Act ("MTCA"). On September 27, 2010, Bolivar Medical Center ("BMC"), the final remaining defendant, was dismissed with prejudice.

Improperly relying on an order certifying the March 24, 2006, order as final, which was later corrected by two separate orders by the trial court, Ginger M. Pope requested an additional fourteen days in which to file her appeal. The trial court granted Pope additional time, and she filed her notice of appeal on October 9, 2013. This Court finds that the trial court erroneously granted Pope additional time to file her appeal and that Pope's appeal is dismissed as out of time.

## PROCEDURAL HISTORY

¶2. On January 6, 2006, Drs. Brock and Clark filed a motion for summary judgment averring that they were employees of Cleveland Medical Alliance, an entity covered by the Mississippi Tort Claims Act, and were immune from personal liability. Drs. Brock and Clark also argued they were protected by the Act's one-year statute of limitations.

¶3. The trial court heard arguments on March 22, 2006. Pope argued that the previous decision of this Court in *Pope v. Brock*, 912 So. 2d 935 (Miss. 2005) ("*Pope I*"), was the law of the case. Pope additionally argued that Drs. Brock's and Clark's claims of immunity and protection were precluded by the doctrines of law of the case, judicial estoppel, and waiver. Finally, Pope argued that the Cleveland Medical Alliance was not a governmental entity covered by the MTCA.

¶4. The trial court granted summary judgment in favor of Drs. Brock and Clark on March 24, 2006.[1] The trial court found that Drs. Brock and Clark did invoke the protection of the MTCA in their Fourth Affirmative Defense and that Drs. Brock and Clark were entitled to

---

[1] This order was entered by the clerk on March 30, 2006.

2

its protections and immunities as employees of Cleveland Medical Alliance, an instrumentality of a community hospital (Greenwood-Leflore Hospital). As to Pope's argument regarding judicial estoppel, the trial court found:

> Judicial estoppel precludes a party from asserting a position, benefitting from that position and then taking a contrary stand later in the same litigation. *See In re: Estate of Richardson*, 903 So. 2d 51, 56 (Miss. 2005). Before a party can be bound by a choice made in litigation, the party must actually have two inconsistent remedies. The doctrine of estoppel refers to factual matters and not to contentions of law applied to the given state of facts. The Court finds persuasive Defendants' argument that they did not benefit from their argument that the sixty (60) day notice provision did not toll the statute of limitations for medical negligence. The issue which was considered by the Supreme Court on interlocutory appeal in this matter was the proper construction and effect of the sixty (60) day notice requirement for medical negligence actions dealing with the two (2) year statute of limitations. The issue of which statute of limitations was applicable was not raised before the Court and was not determined by the Supreme Court. The matter for appellate review was the interpretation of the notice provision and how it affected the running of the statute of limitations and whether or not there was a tolling of the statute or only an extension of the statute which would have made a difference. The issues in the present motion deal with whether or not Plaintiff complied with the notice of claim provisions of § 11-46-11, MCA, and whether or not Drs. Brock and Clark are immune from personal liability. The Court finds for those reasons the doctrine of the law of the case is not applicable.

Finding that no notice of claim was filed prior to the expiration of the one-year statute of limitations, the trial court held that Pope's claims were time-barred. At this point in time, that order was not a final, appealable order, as Pope had pending claims against BMC.

¶5.    Nonetheless, Pope filed a notice of appeal, which she later voluntarily dismissed,[2] and approximately two months later, Pope filed a motion for reconsideration of the March 24,

---

[2] On July 27, 2006, the circuit clerk docketed a notice from the Supreme Court clerk indicating that Pope's motion for voluntary dismissal of the appeal was granted. On August 17, 2006, the Supreme Court issued a mandate confirming the dismissal of the appeal.

2006, order in the trial court. On July 13, 2006, Drs. Brock and Clark filed a response to Pope's motion for reconsideration.

¶6.     On October 9, 2006, the trial court denied Pope's motion for reconsideration.[3] Prior to the trial court's ruling on the motion for reconsideration, this Court held that the Bolivar Leflore Medical Alliance was a community hospital entitled to the protections of the MTCA. *Bolivar Leflore Med. Alliance v. Williams*, 938 So. 2d 1222, 1223 (Miss. 2006). This Court's holding in *Bolivar* was consistent with the trial court's earlier ruling that Drs. Brock and Clark were entitled to the protections and immunities of the MTCA as employees of Cleveland Medical Alliance. On October 20, 2006, Drs. Brock and Clark filed a Rule 54(b) motion to certify the court's March 24, 2006, judgment as final. *See* Miss. R. Civ. P. 54(b). Eleven days later, on October 31, 2006, Pope filed another notice of appeal. Approximately two weeks later, on November 16, 2006, Pope again filed a motion for voluntary dismissal of that appeal.[4]

¶7.     On November 3, 2006,[5] the trial judge signed an order certifying the March 24, 2006, judgment as final pursuant to Rule 54(b).[6] However, the circuit clerk failed to provide the parties notice of the order granting certification of final judgment.

---

[3] This order was entered by the clerk on October 12, 2006.

[4] On December 4, 2006, the circuit clerk docketed a notice from the Supreme Court clerk that Pope's motion for voluntary dismissal of the appeal was granted once again on November 30, 2006.

[5] This order was not entered by the clerk until November 27, 2006.

[6] The trial court, upon the discovery of this order, noted that it was entered "by way of inadvertence and mistake."

4

¶8.    On March 5, 2007, unaware that the trial court had entered an order certifying the judgment as final, Pope responded in opposition to Drs. Brock and Clark's motion to certify the March 24, 2006, judgment as final, more than four months after Drs. Brock and Clark had filed their motion. On the same day, Pope filed a motion to amend her complaint to add additional causes of action. On March 27, 2007, Drs. Brock and Clark, also unaware of the order certifying the March 24, 2006, judgment as final, responded to Pope's opposition to their motion to certify the judgment as final. Drs. Brock and Clark also filed a motion to strike Pope's response as untimely.

¶9.    On October 22, 2007, the trial court heard arguments on Drs. Brock's and Clark's motion to certify judgment as final. On October 26, 2007, the trial court denied Pope's motion for leave to amend her complaint and denied Drs. Brock's and Clark's motion to certify judgment as final.[7] This order served to rectify the trial court's earlier mistake in holding that the March 24, 2006, order was final and appealable, finding that the March 24, 2006, order was not a final, appealable order.

¶10.    Approximately four months later, Pope filed another motion for reconsideration of the March 24, 2006, order based on waiver. Alternatively, Pope asked that the trial court certify the judgment as final, taking a position opposite from her previous response to Drs. Brock's and Clark's motion to certify. Drs. Brock and Clark responded to Pope's motion for reconsideration, once again requesting that the judgment be certified as final. After a hearing

_____

[7] This order was entered on October 29, 2007.

on September 19, 2008, the trial court denied the motion for reconsideration.[8] The trial court also addressed the request to certify the judgment as final, specifically stating that, "although the claims against defendants Brock and Clark have been resolved by the order of the court, there remains the undismissed defendant Bolivar Medical Center ("BMC"). . . [this court finds] that M.R.C.P. 54(b) certification is inappropriate." The trial court referenced its October 26, 2007, order, which held the March 24, 2006, order was not a final order. Pope sought an interlocutory appeal from the order denying the second motion for reconsideration, but this Court denied the petition on November 12, 2008. The March 24, 2006, order remained unappealable until such time as all defendants were afforded complete relief.

¶11. On September 27, 2010, the last remaining defendant, BMC, was dismissed with prejudice. On that date, no claims remained pending against any defendants. Also, on that date, the March 24, 2006, order dismissing Drs. Brock and Clark was final and appealable. Beginning on that date, Pope's clock to appeal began to run.

¶12. While preparing her appeal, Pope claims to have first became aware of the November 3, 2006, order certifying the judgment as final pursuant to Rule 54(b). However, as previously stated, the trial court had rectified its inadvertent finding that the March 24, 2006, judgment was final on October 26, 2007, and the trial court confirmed its finding on September 19, 2008, that the March 24, 2006, order was not a final order. Therefore, the November 3, 2006, order clearly was overruled by two subsequent, separate orders of the trial court, finding the March 24, 2006, order was not final.

---

[8] This order was entered on September 19, 2008.

6

¶13. On October 8, 2010, inexplicably during her time to file an appeal, Pope filed a Motion to Reopen Time for Filing Notice of Appeal, stating:

> On October 4, 2010, in order to prepare a designation of record to appeal the order granting summary judgment to defendants Brock and Clark filed on March 30, 2006, the undersigned personally reviewed a printed copy of the electronic docket sheet and discovered the entry of the November 27, 2006 order granting defendants Brock and Clark's motion to certify judgment as final pursuant to M.R.C.P. 54(b).

Pope argued that, because notice was not provided to counsel of record, the trial court should allow Pope fourteen additional days to file her notice of appeal. At the time Pope sought leave to reopen her time to appeal, she had approximately nineteen days to file her appeal.

¶14. Drs. Brock and Clark filed a response in opposition to Pope's motion, arguing that, because Mississippi's Rules of Appellate Procedure are strictly enforced, Pope's motion must be denied and dismissed as untimely, since it was not filed within 180 days of the entry of the order as required by Rule 4(h).

¶15. On December 6, 2010, Pope filed another Motion for Leave to amend her complaint to add the nine Supreme Court Justices, in their official capacities, as party defendants:

> Since the adoption and the effective date of Miss. R. App. P. 4(h), the Mississippi Supreme Court has interpreted, applied and enforced the provisions of Rule 4(h) in such an arbitrary, capricious and invidious manner as to deny similarly situated appellants equal protection of law and the unequal treatment stemmed from in part an intent or purpose to deny plaintiff's rights secured by the Fourteenth Amendment of the United States Constitution.

On April 7, 2011, Pope filed a motion for relief from the effect of the final judgment entered on November 3, 2006, even though that order had been corrected by two subsequent orders.

Doctors Brock and Clark opposed Pope's motion, once again arguing that such motion was untimely.

¶16.    On September 26, 2013, more than two years after Pope had filed her motion for relief, the trial court *sua sponte* entered its own Rule 60(b) motion, granting Pope her requested relief and vacating its order certifying its judgment as final.[9] The trial court stated that the November 3, 2006, order was entered by way of "inadvertence and mistake." The trial court determined that "the only avenue of relief for the plaintiff is pursuant to Rule 60(b). In this case, the court finds that Rules 60(b)(2), (6), and (4) are applicable." The trial court granted Pope fourteen days in which to file notice of her appeal.

¶17.    On October 9, 2013, Pope filed her notice of appeal from the March 30, 2006, Order granting summary judgment to Drs. Brock and Clark; the October 12, 2006, Order denying Pope's motion for reconsideration; and the September 22, 2008, Order denying Pope's motion for reconsideration. Drs. Brock and Clark filed notice of a cross-appeal from the September 30, 2013, order granting relief from judgment and vacating the order certifying judgment as final.

## STATEMENT OF THE ISSUES

¶18.    Pope raises the following issues:

1.    Whether the law of the case doctrine and the mandate rule bar relitigation of the applicable statute of limitations.

2.    Whether the doctrine of judicial estoppel bars relitigation of the applicable statute of limitations.

---

[9] This order was entered by the clerk on September 30, 2013.

8

3. Whether Dr. Brock and Dr. Clark waived the one-year statute of limitations and pre-suit notice provisions of the MTCA.

4. Whether the trial court erred in finding the MTCA pre-suit notice provisions were jurisdictional and could not be waived.

Drs. Brock and Clark raise the following issues on cross-appeal:

1. Whether Pope's time to appeal, time in which to seek extension to appeal and time in which to reopen appeal all expired before her Notice of Appeal was duly filed.

2. Whether the trial court erred in providing relief to Pope under MRCP 60(b)(4).

3. Whether the trial court erred in providing relief to Pope under MRCP 60(b)(2).

4. Whether the trial court erred in providing relief to Pope under MRCP 60(b)(6).

5. Whether the trial court erred in granting Pope relief from its November 27, 2006, Order Certifying Judgment as Final.

We will address the issues raised in Drs. Brock's and Clark's cross-appeal, declining to address Pope's issues, as the issues raised on cross-appeal are dispositive.

¶19. The trial court erroneously granted Pope relief from a judgment that had been corrected by two separate orders by the trial court, which nullified the November 3, 2006, order. There was no relief to be granted and there was no order certifying the judgment as final to vacate. Because there was no relief to be granted, the trial court erroneously allowed Pope an additional fourteen days from the date of the September 26, 2013, order, to file her appeal. However, the date which began the running of Pope's time to appeal was September 27, 2010, the date BMC, the last defendant, was dismissed from the case. Pope had thirty

9

days from the date the September 27, 2010, order was entered to file her notice of appeal, as, at that point, all defendants stood dismissed. Pope's appeal was not filed until October 9, 2013, more than three years after her right to appeal had expired. Therefore, this Court reverses the September 26, 2013, judgment of the trial court and dismisses Pope's appeal as untimely.

## ANALYSIS

¶20.    The question before this Court is not dependent on resolution of any factual dispute which should be submitted to a finder of fact. Therefore, the question before us is one of law, which we review *de novo*. **Sarris v. Smith**, 782 So. 2d 721, 723 (Miss. 2001). On cross-appeal, Drs. Brock and Clark argue that the trial court erred in granting Pope relief. This Court agrees. It is quite clear from a thorough review of the record that Pope had every opportunity to appeal the dismissal of Drs. Brock and Clark. There was absolutely no impediment to Pope's appeal of that dismissal under the Mississippi Rules of Appellate Procedure or otherwise. It is inescapable that when BMC was dismissed, Pope's time to appeal began to run.

¶21.    Pope had an absolute right to appeal; however, Pope failed to timely exercise that right. Instead of filing an appeal, she sought relief from a judgment that twice had been nullified. When Pope first became aware of the November 3, 2006, judgment, she should have known such order was void after a review of the entire record. She had notice, and does not claim otherwise, of the two subsequent orders denying the parties' request for certification as final. Pope should have known that Rule 54(b) was no longer applicable due

to those two subsequent orders and the dismissal of all defendants. Pope should have known that her time to appeal began upon the dismissal of all defendants and had not yet expired.

¶22. The relief sought by Pope was inappropriate, and the trial court erroneously granted Pope that relief. In its order granting Pope relief, the trial court failed to analyze the effects of the two subsequent orders on the order certifying judgment as final. The trial court failed to recognize that the November 3, 2006, order was meaningless and the trial court had done nothing to impede Pope's appeal process; therefore, there was no relief that the trial court could grant Pope. Pope simply failed to timely file her notice of appeal after all defendants were accorded complete relief.

¶23. The trial court found that relief was warranted under Rule 60(b)(2) because it had entered an order inadvertently. While the court noted Pope did not file a motion on this basis within the specified six-month time period and that the rule was silent as to whether the court could rectify its own mistake outside the six-month time period, the court determined that relief was warranted pursuant to Rule 60(b)(2). The court also held that this was a case of "extraordinary and compelling circumstances" and, therefore, relief was warranted under Rule 60(b)(6). Finally, the trial court determined that relief under Rule 60(b)(4) was warranted because the judgment was void at the time it was entered. The trial court noted that, prior to the judgment being entered, Pope had filed a notice of appeal which transferred jurisdiction to this Court. The appeal was not dismissed until three days after the order certifying judgment as final was entered. The court further noted that relief must be sought within a reasonable time. Because Drs. Brock and Clark suffered no prejudice and because

11

good cause existed for Pope's failure to act, the trial court determined, under the specific facts of this case, that relief was sought within a reasonable time and relief under Rule 60(b)(4) was appropriate.

¶24.    While the trial court granted Drs. Brock's and Clark's motion on November 3, 2006, certifying the judgment dismissing Drs. Brock and Clark as final, the trial court entered two subsequent orders correcting its holding that the March 24, 2006, judgment was final. Because the case was still pending, the trial court was authorized to correct its former judgment. *See Gill v. State*, 962 So. 2d 552, 554 (Miss. 2007) ("Moreover, '[a]ll courts have the inherent power to correct and make their judgments speak the truth.' *Turner v. State*, 212 Miss. 590, 594, 55 So. 2d 228 (1951). This Court additionally has held that the power to correct an error in the record of a judgment rendered by it at a former term is inherent in the court system. *See Claughton v. Ford*, 202 Miss. 361, 30 So. 2d 805 (1947)."). As such, the November 3, 2006, order is void and is if no import to this case. Because the November 3, 2006, order was void, there was no relief to be afforded to Pope.

¶25.    In her October 8, 2010, motion, Pope improperly raised the November 3, 2006, judgment and her nonreceipt of the judgment to support her argument for additional time to appeal. At the time this motion was filed, Pope had nineteen days remaining on her prescribed time to appeal; thus no additional time was necessary. As such, Pope's claimed reliance on this overruled order is specious, given the factual history.

¶26.    Pope was fully aware that all defendants had been dismissed after BMC was dismissed on September 27, 2010. Once all claims against all defendants had been dismissed, the case

was final, subject to appeal. Rule 54(b) was no longer applicable. Pope had thirty days from the entry of the September 27, 2010, order to file her notice of appeal with this Court. Pope's opportunity to timely appeal the dismissal of Drs. Brock and Clark was not impeded by the earlier order, which later was twice overruled by the trial court.

¶27. The procedure for appealing a circuit court judgment is clearly set out in the Mississippi Rules of Appellate Procedure. Under Rule 4(a), a notice of appeal "shall be filed with the clerk of the trial court within 30 days after the date of entry of judgment or order appealed from." M.R.A.P. 4(a). Rule 2(a) requires the mandatory dismissal of an appeal if the notice was not timely filed pursuant to Rules 4 and 5. M.R.A.P. 2(a). "Rule 2(a) reflects the long-standing rule in this state that the failure to file a timely appeal leaves this Court without jurisdiction to consider the case." *Bank of Edwards v. Cassity Auto Sales, Inc.*, 599 So. 2d 579, 581-82 (Miss. 1992). *See also In re Estate of Ware*, 573 So. 2d 773, 774 (Miss. 1990); *Kennedy v. Gervais*, 345 So. 2d 1039, 1039 (Miss. 1977). Rule 2 is strictly enforced. *Estate of Ware*, 573 So. 2d at 775. *See also Duncan v. St. Romain*, 569 So. 2d 687, 688-89 (Miss. 1990) (appeal dismissed where out-of-state lawyer relied in good faith on conflicting statutory appeal period of forty-five days); *Tandy Electr., Inc. v. Fletcher*, 554 So. 2d 308, 310 (Miss. 1989) (This Court has declared that "appeals not perfected within thirty days will be dismissed, period.").

¶28. Rule 4(h) does provide the trial court with authority to reopen the time for appeal. However, Rule 4(h) applies only:

> if [the court] finds (a) *that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk* or any party within 21 days of its entry. . . .

M.R.A.P. 4(h) (emphasis added). Because Pope does not and cannot argue that she did not receive notice of the September 27, 2010, order dismissing BMC or the March 24, 2006, order dismissing Drs. Brock and Clark, Rule 4(h) is not applicable.

¶29.   The trial court improperly granted Pope relief under Rule 60(b)(2), (4), and (6). Rule 60(b) applies to "final judgments, orders or proceedings" and thus is not applicable to the nonfinal November 3, 2006, order. The trial court could not grant Pope relief from the November 3, 2006, order, because that order twice had been overruled by the same trial judge. Moreover, it was not necessary for the trial court to vacate the November 3, 2006, order because it already had vacated it on two prior occasions.

¶30.   The issue before the trial court was not a complicated issue. Drs. Brock and Clark filed a motion for summary judgment based on the running of a one-year statute of limitations. The trial court vacated the original Rule 54(b) certification by twice denying other motions and clearly providing reasons as to why the dismissal order should not be certified as final.

¶31.   One thing is certain–by September 27, 2010, all parties had been dismissed. Complete relief had been accorded to all parties. This unquestionably is when the time to appeal began to run. Pope's attempt to rely on an order that later was rectified on two separate occasions in an attempt to gain additional time to appeal is to no avail. The history of the case clearly shows that the March 24, 2006, order was not a final judgment until BMC was dismissed.

14

The trial court twice overruled his decision during the pendency of the case. There was no final judgment until all defendants were dismissed on September 27, 2010, a fact which was completely overlooked by the trial court and all parties.

## CONCLUSION

¶32. This Court finds that the trial court erroneously entered its September 26, 2013, order granting Pope fourteen additional days to appeal. Therefore, we dismiss Pope's appeal as untimely.

¶33. **APPEAL DISMISSED.**

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.**